FAUST v. SOUTHERN RAILWAY.

1. CORPORATIONS—PLEADINGS.—Where a defendant is sued as a corporation and appears and answers generally, its corporate existence is thereby admitted.

2. PRINCIPAL AND AGENT—CARRIER—FREIGHT—STOPPAGE IN TRANSIT.—That one has an office in freight depot of a railway company, that he collected freight charges for company, and gave orders to yardmaster to deliver cars at different points, is sufficient to admit parol notice to him not to deliver freight in transit as binding on his company.

3. CARRIER—FREIGHT—STOPPAGE IN TRANSIT.—Carrier is liable to consignor for value of freight which is delivered to consignee after notice in transitu not to deliver to him, but to another.

4. APPEAL.—If it appear that Circuit Court on appeal from magistrate exclude from consideration testimony material to appellant's case, the cause will be remanded for rehearing.

Before GARY, J., Richland, July, 1905.   Reversed.

Action by J. A. Faust against Southern Railway Co. From Circuit order reversing magistrate judgment, plaintiff appeals.

*Mr. J. S. Verner,* for appellant, cites: *General denial does not put in issue corporate existence:* 25 S. C., 309; 27 S. C., 164; 22 S. E., 789.  *Is defendant liable after notice to stop in transitu?* 23 S. C., 286; 26 Ency., 2 ed., 1116.  *As to proof of agency:* 67 S. C., 395.

*Mr. Jno. T. Sloan,* contra, cites: *Evidence of defendant's ownership of cars must be shown:* 63 S. C., 96.  *Right of stoppage in transitu only arises in case of insolvency:* Benj. on Sales, secs. 1229, 1243, 1279; 9 M. & W., 518.  *This Court cannot review findings below in such case:* 70 S. C., 178, 554, 246; Code of Proc., 367, 368.

May 15, 1906.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   The complaint alleges that the plaintiff shipped fourteen cords of wood, a carload. over

the defendant railroad from a station known as Sharps, to the city of Columbia, consigned to J. D. Trotter, the railroad issuing its bill of lading therefor, freight to be collected, on the 23d of March, 1904; that the consignee, the said J. D. Trotter, refused to receive the carload of wood, of which fact the defendant gave the plaintiff notice. That the plaintiff thereupon ordered the said defendant to deliver said wood to the S. C. Cotton Oil Co., which order was not complied with, but the plaintiff alleged that the defendant had lost the wood, to the damage of the plaintiff in the sum of $24, and that the said wood was worth the sum of $24.

The defendant denied each and every allegation of plaintiff's complaint alleging the foregoing facts.

The matter came on for trial before magistrate B. P. McMaster, who heard the testimony of the plaintiff, Mr. Mc. Robertson and D. Rabon, wherein it appeared by the original bill of lading furnished to the plaintiff by the defendant on March 23d, 1904, that the wood was received by the defendant company to be carried to Columbia by the defendant and was so carried. That J. A. Faust was the owner of the cord wood referred to in the bill of lading furnished by the defendant. That Trotter refused to take the carload and plaintiff then telephoned to one Mellichamp, who is cashier of the defendant company at Columbia, to deliver this car of cord wood to the S. C. Cotton Oil Co., at Columbia. That Mr. Mellichamp collects freight for the defendant company, gives orders to yard-masters to carry cars to different points about Columbia, and that his office is on Gervais street, in the same office with Mr. D. L. Bryan, agent for defendant company. The office is in the freight depot of defendant, and Mr. Mellichamp promised to deliver said wood to the S. C. Cotton Oil Co. That the value of the wood was $2 per cord, and that there were fourteen cords in the car, and that the freight charges from Sharps was fifty cents per cord. That the car was received in Columbia two or three days after date of bill of lading. That Mr.

Mellichamp promised to deliver the wood to the oil company. That Trotter told plaintiff that the wood had not been delivered to him. Mr. Mc. Robertson testified that he had not received the car and Mr. Rabon testified that said car of wood was brought by the defendant to the city of Columbia and that he saw said car of wood in the freight yard of defendant company at Columbia, and that he had stepped in to Mellichamp's office to deliver him a message from the plaintiff. Mr. Mellichamp informed him that he had already received a message from the plaintiff as to what should be done with the car of wood, and that he was going to deliver the wood to the S. C. Cotton Oil Co.

At the close of plaintiff's testimony, defendant moved for a nonsuit upon three grounds: First. "That there is no proof of the allegations of paragraph one of the complaint—'That the defendant is a corporation;'" or Second: "That the defendant is the owner or operator of a certain railway known as the Charlotte, Columbia and Augusta R. R.;" or Third: "That car was owned or operated by the defendant company."

The magistrate overruled the motion, the defendant thereupon introduced witnesses, to wit: W. R. Johnson, S. B. Cooper (a yard-master on the Southern Railroad Co., at Columbia), and L. H. Thomas—all of whom testified over the objection of the attorney for plaintiff. The objection being that said testimony was irrelevant to the issues, and that the proper way to show that car had been delivered to a connecting carrier was by the production of a receipt, as provided for in the statute. That the said car of wood was turned over to the Atlantic Coast Line R. R. by the Southern on April 4th, and delivered to J. D. Trotter by the said A. C. L. on April 5th, 1904. Over the objection of the plaintiff's attorney (the objection being that said testimony was irrelevant and incompetent), D. A. Hennigen, chief clerk in Southern Railroad Co.'s freight office in Columbia, testified that he collected the freight on said car from J. D. Trotter

one or two months after the delivery of the said car to Trotter.

Judgment was entered up by the magistrate for the plaintiff for the sum of $21 and the cost of the action. An appeal was taken by the defendant from the judgment of said magistrate, which came on to be heard before Judge Ernest Gary on the 21st of July, 1905, on the following grounds:

"1. Because the magistrate overruled the motion for a nonsuit made by the defendant that there was no proof of the allegation contained in the first paragraph of the complaint which was denied by the answer, and that the complaint should be dismissed.

"2. Because the magistrate utterly disregarded the weight of the testimony showing that the carload of wood had been shipped to the consignee, Dan Trotter, according to the provisions of the bill of lading; that the wood was delivered into his woodyard in the city of Columbia by the Atlantic Coast Line Railway, which corporation had received it from the defendant; that the wood was hauled by the team of Trotter from the car, and that the freight was paid by the said Dan Trotter.

"3. Because the magistrate admitted the testimony of Mr. Faust, the plaintiff in this action, as to conversation between him and Mr. Mellichamp, as to the delivery of the car of wood to the Southern Cotton Oil Co., when there was no testimony that he had any authority as the agent of the defendant to change the place of the delivery of the wood other than that named in the bill of lading, against the objection of the defendant.

"4. Because the magistrate erred in admitting the testimony, against the objection of the defendant of the plaintiff, as to a conversation between him and one Trotter, repeating what Trotter had told him, the same being hearsay.

"5. Because the magistrate erred in admitting the testimony of D. Rabon as to a conversation between him and Mellichamp stating what Mellichamp had told him as to

what should be done with the wood, against the objection of the defendant."

Judge Ernest Gary, before whom the appeal came, adjudged that the exceptions be sustained, and that the judgment of the magistrate be set aside and the complaint dismissed.

From this judgment of the Circuit Judge the plaintiff took the following grounds of appeal:

"1. Because his Honor erred in sustaining the first exception to the rulings of the trial magistrate filed by the attorney for the deefndant; for the first paragraph of the complaint merely alleges that the defendant is a railway corporation doing business in Richland County, South Carolina, and that the answer of the defendant, being a general denial, does not put in issue the matters raised by said paragraph *one* of the complaint; and his Honor erred in not so holding.

"II. Because his Honor erred in sustaining defendant's second exception by overlooking the fact that the cause of action alleged in the complaint did not grow out of defendant's failure to deliver the car of wood to J. D. Trotter, but it grew out of the wrongful delivery of said wood, after the plaintiff, in the exercise of his rights of 'stoppage in transitu,' had notified the defendant not to deliver the said wood to Trotter; and out of the failure of the defendant company to deliver the said car of wood to the S. C. Cotton Oil Co., after the defendant had undertaken and agreed so to deliver said wood.

"III. Because his Honor erred in sustaining defendant's third exception to the ruling of the trial magistrate; for the reason that as a matter of law it was not incumbent upon the plaintiff to show that Mr. Mellichamp, with whom the plaintiff had the conversation referred to in said exception, had any authority as the agent of the company to change the place of delivery of the wood, other than by showing that the said Mellichamp was an agent of the defendant company, residing in Columbia and occupying an office furnished by the defendant, whose duty it was to collect freight and give

orders to the yard-masters for the defendant company to deliver cars at different points in and about Columbia, and that he was in discharge of said duties at the time of the said conversation, all of which facts were proved, and conclusively established by the undisputed evidence in the case. And his Honor also erred in sustaining said third exception, because the conversation referred to between Mr. Faust, the plaintiff, and Mr. Mellichamp was relevant to the issues raised by the pleadings, and competent, it having been shown that Mr. Mellichamp was a servant and agent of the defendant company, residing in Columbia, occupying an office furnished by the defendant, and attending to the delivery of freight cars for the defendant.

"IV. Because his Honor erred in sustaining defendant's fourth exception to the ruling of the trial magistrate; for the reason that the said conversation was brought out by the defendant's attorney on cross-examination, and for the reason that same was relevant to the issues raised by the pleadings, and competent, in that it was in reply to defendant's contention that Trotter had received the said wood.

"V. Because his Honor erred in sustaining defendant's fifth exception to the ruling of the trial magistrate; for the reason that no objection to the testimony of said witness as to the said conversation was made before the trial magistrate, and also for the reason that it had been shown by the undisputed evidence in the case that the said D. Rabon had acted as agent of the plaintiff in shipping the said wood, and Mr. Mellichamp was the agent of the defendant company, whose duty it was to deliver freight cars at Columbia.

"VI. Abandoned.

"VII. Because his Honor erred in dismissing the complaint, while if the magistrate had erred as complained of, the case should have been sent back to him for a new trial.

"VIII. Because his Honor erred in not sustaining the trial magistrate, since the undisputed testimony is that the car of wood in question was consigned by the plaintiff over the road of the defendant company to Dan Trotter, Columbia,

S. C., on March 23d, 1904, but not paid for at the time of said consignment or thereafter, and that upon the arrival of said car in Columbia, the said Dan Trotter refused to accept or pay for same, which refusal was made known to defendant while the said car of wood was still in possession of the defendant, to wit: on the 28th of March, 1904, on which day the plaintiff ordered the defendant to deliver the said car of wood to the S. C. Cotton Oil Co., which the said company agreed to do; but which it failed to do."

The first exception must be sustained. The magistrate was correct in refusing to grant a nonsuit. The case of *Montgomery* v. *Ry.,* 73 S. C., 503, shows that when a defendant is sued as a corporation and appears and answers as such to the merits, defendant's corporate existence stands admitted.

The third exception is also well taken. The magistrate committed no error in admitting the testimony of J. A. Faust as to a conversation between him and Mr. Mellichamp as the agent of the defendant, as to the delivery of the wood to the South Carolina Cotton Oil Co. There was testimony, as already stated, that Mellichamp had an office in the freight depot of defendant, that he collected freight for defendant and gave orders to the yard master to carry cars to different points about Columbia. This was competent evidence on the question whether it was within the authority of Mellichamp to receive notice from plaintiff not to deliver the wood to Trotter, but to deliver to the South Carolina Cotton Oil Co.

For the same reason the fifth exception must be sustained. There being evidence tending to show Mellichamp's agency for defendant in the matter, it was competent to permit the witness Rabon to testify as to his conversation with Mellichamp in order to show that Mellichamp had received notice from plaintiff not to deliver to Trotter, but to deliver to the Cotton Oil Co. and of Mellichamp's agreement to so deliver.

By these rulings the Circuit Court excluded from consideration the testimony tending to show notice to the defend-

ant carrier, by the vendor, shipper, not to deliver to the original vendee and consignee, and we are bound to hold that these rulings necessarily affected his conclusion of fact.

It is true there was evidence to the effect that the wood was delivered to Trotter, the consignee, named in the bill of lading, but the theory of plaintiff's action was not that defendant failed to deliver according to the bill of lading, but his action rested on the right of vendor before delivery of the goods by the carrier to stop delivery to the vendee.

The case of *Pool* v. *Railroad Co.,* 23 S. C., 290, states the principle that in a contest between the vendee and vendor, the vendor can not vindicate an attempt to exercise the right of stoppage *in transitu* unless he shows that the vendee was insolvent, but in a contest between the vendee and carrier, all that is necessary to stop the goods in the hands of the carrier is a simple notice from the consignor forbidding delivery to the vendee. The effect of such notice is to revest possession in the vendor and if the carrier deliver to the vendee after such notice, he becomes liable to the vendor. The same principle would apply in a suit by the vendor against the carrier. If after such notice possession of the goods revests in the vendor it is a breach of the vendor's right for the carrier to deliver to the vendee contrary to the instructions of the vendor.

It must follow that the exclusion of the testimony bearing on this point was prejudicial to the plaintiff.

This Court can not review the findings of fact of the Circuit Court in an appeal from the magistrate court, nor can this Court make any original findings of fact in such cases. But since it appears that the conclusion of the Circuit Court was based upon erroneous rulings excluding from consideration testimony material to plaintiff's case, it was error to dismiss the appeal and the case must be remanded to the Circuit Court for a rehearing.

This conclusion renders further consideration of the exceptions unimportant.

The judgment of the Circuit Court is reversed, and the case remanded to the Circuit Court.