## The Keokuk & Hamilton Bridge Company v. Nelson M. Wetzel.

1. NUL TIEL CORPORATION—*character of plea of.* A plea by a defendant denying its (the defendant's) corporate character is dilatory and not in bar of the action.

2. NUL TIEL CORPORATION—*when plea of, waived.* A plea by a defendant denying its (the defendant's) corporate character is waived when accompanied by a plea of not guilty.

3. INSTRUCTIONS—*right of party with respect to.* A party is entitled to have the jury instructed as to any theory supported by the evidence.

4. INSTRUCTION—*when reference to declaration not prejudicially erroneous.* An instruction which calls the attention of the jury to the "damages sustained as charged in the declaration," is, in this case, held not prejudicially erroneous.

Action in case for personal injuries. Appeal from the Circuit Court of Hancock county; the Hon. ROBERT J. GRIER. Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

G. EDMUNDS and DAVID E. MACK, for appellant.

PLANTZ & LAMET and CHARLES J. SCOFIELD, for appellee.

Mr. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Nelson M. Wetzel brought suit in the Circuit Court of Hancock county against the Keokuk & Hamilton Bridge Company to recover damages for an injury alleged to have resulted to him from the negligence of the bridge company in permitting the roadbed upon its bridge to become obstructed, by means whereof he was thrown from his wagon and injured. A verdict was returned in favor of Wetzel in the sum of $1,575. Judgment was rendered upon the verdict and the bridge company appealed.

The declaration of appellee charged in substance that the Keokuk & Hamilton Bridge Company, a corporation, was on August 7, 1902, in the possession and control of a certain bridge leading from Keokuk in Iowa across the Mississippi river to the Illinois shore in Hancock county, which said bridge was controlled and used by the said company for the purpose of affording passage to persons on foot and in wagons and other vehicles, upon the payment of toll to the company; that the company was bound to keep said bridge in good repair and free from obstructions so as to furnish a reasonably safe passage for those using the bridge; yet the said company carelessly and negligently suffered the passageway upon said bridge to become obstructed; and that said appellee on said date was riding in a wagon across and upon said bridge, after payment of toll therefor, and was in the exercise of due care for his own safety, when the *wheel* of said wagon ran against or upon said obstruction and he was by means of the said negligence thrown from said wagon and injured, his health impaired and he put to great expense, etc., in consequence of which he was damaged.

To this declaration the appellant filed two pleas in the following words and figures:

"NELSON M. WETZEL,         ⎫  In   the   Circuit
                vs.         ⎪  Court of Hancock
THE  KEOKUK  AND  HAMILTON ⎬  County,   March
    BRIDGE COMPANY.         ⎭  Term, 1904.

And now comes the defendant by D. E. Mack and G. Edmunds, attorneys, and for first plea in this behalf says that there is no such corporation as the Keokuk and Hamilton Bridge Company as by said declaration and each count thereof is above supposed, and of this defendant puts itself on the country.

                    D. E. MACK and G. EDMUNDS, Attys.

And for further plea in this behalf defendant says it is not guilty as by said declaration and each count thereof is above supposed and of this it puts itself on the country

                    D. E. MACK and G. EDMUNDS, Attys."

To the former of these two pleas the appellee entered a motion to strike from the files, which motion was sustained by the court, to which action of the court appellant excepted.

The question presented by such action of the court is whether or not such first plea as offered stated an issue that should have been referred to a jury or whether it was in effect merely dilatory in character and properly stricken from the files when accompanied by and filed with a plea of not guilty.

Whether a plea of *nul tiel corporation* is a plea in bar or abatement when it concerns the capacity of the *plaintiff* seems to have been frequently discussed by the courts and we believe the general trend of the decisions to be to the effect that such a plea should be treated as a plea in *bar* since its only effect is to throw upon the plaintiff the burden of proving *its own corporate existence* and its corporate right or power to transact business.

There seems, however, to have been much less discussion as to the right of a *defendant* to file such a plea challenging *its own* corporate existence and to

thus cast upon the plaintiff the burden of proving something of which he may have little, if any, knowledge, and the complete evidence of which is peculiarly and may be exclusively the property of the defendant and solely within its control.

Appellant in a very extended argument cites several cases in which it is held that such a plea, when it challenges the corporate existence of the *plaintiff*, may be treated as a plea in bar and contends that by analogy the same effect must be given to such a plea when filed by the defendant; but we cannot give such doctrine our approval and are firmly of the opinion that a plea by the defendant which has for its object the challenging of its own corporate right to do business is of a dilatory character and must be classed as a plea in abatement.

In the case of the American Express Company v. Haggard, 37 Ill. 465, where the appellant was sued as a corporation, the agent came into court and set up by affidavit that there was no such corporation and on that account moved to quash; the court held that the question was one that could not be raised by motion, but was one to be presented by plea in abatement, and that such plea would have to give the plaintiff a better writ.

In the 10th Cyc., p. 1361, the writer says: "The plea of *nul tiel corporation defendant* should not only deny in positive terms that the defendant is a corporation, but it should state *what* defendant is, or who defendants are. It should give the plaintiff a better writ."

In McCullough v. Talladega Ins. Co., 46 Ala. 377, the court said: "The defendant pleaded the general issue and *nul tiel corporation*. The court erred in not sustaining the demurrer to the last plea. I have not been able to find any authority for such use of the last plea by the corporation."

In the Encyclopedia of Pleading and Practice, Vol. 5, pp. 82 and 84, the author treats of pleas *"nul tiel corporation plaintiff"* and *"nul tiel corporation defend-*

*ant"* separately and under distinct and different headings, the better to preserve the distinction which seems to us clearly to exist between these two characters of pleas.

Appellant appeared in court by attorneys and in answer to the declaration of appellee in which it was expressly charged that appellant was "a corporation created by and under the laws of the State of Illinois" and filed, *with its plea of not guilty,* a plea denying *its own* corporate existence, without attempting in any way to state who or what it was or in what way it differed from the corporation named as defendant both in the declaration and in the plea itself. This plea, so presented, was clearly dilatory as well as inconsistent. In effect "The Keokuk & Hamilton Bridge Company" appeared in court and said, "There is no Keokuk & Hamilton Bridge Company."

In Connersville v. Wadliegh, 6 Blackf. (Ind.) 298, the court says: "The president and trustees of the town of Connersville say there are no such persons as the 'president and trustees of the town of Connersville.' The admission in one part of the plea destroys the effect of the denial in the other."

In Oxford Iron Company v. Spradley, 46 Ala. 107, the court says: "The plea of *nul tiel corporation,* where a defendant is sued as a corporation aggregate, is an inappropriate plea and an inconsistency in itself. We find no precedent for such a plea in such a case, nor any case in which it has been pleaded. The appointment of an attorney, and an appearance by him for the defendant, is an admission on the record that the defendant is a corporation."

The trial court, in our judgment, committed no error in striking appellant's first plea from the files. It was thoroughly inconsistent in itself and dilatory in character, and was waived by the filing of the second plea, which was a plea to the merits.

Appellant next assigns as error the giving of appellee's second instruction, which in substance told

the jury that if the planks (or obstruction) in question were piled or left by the employes of the defendant so near the wagon track of the bridge that the *hub* of the wagon wheel was liable to strike the same, when the plaintiff himself was in the exercise of due care, then the defendant would be guilty of negligence. The criticism made upon this instruction is that under the evidence it was erroneous in calling the attention of the jury to the theory that the *hub* of the wheel may have come in contact with the lumber. We do not think, however, that this instruction could possibly have misled the jury. Under all the evidence in the case it was left for the jury to determine whether the tire of the wheel struck one or more of the planks piled upon the walkway at the side of the roadway of the bridge or whether the hub of the wheel struck the top plank in a pile of several planks, which under the evidence was about as high as the hub of the wheel.

It may be true that the theory of some of the witnesses for appellee was that the *tire* of the wheel struck the obstruction and by reason thereof the accident followed, yet such claim was a theory only and one which the jury were at liberty to discredit if from *all* the evidence some more plausible explanation was given as to the manner in which the wagon was tipped.

James L. Wilson, engineer of appellant and its witness, testified on his cross-examination that he did not see any marks on the boards where a tire ran against them but did see some red paint on a plank and that he had said to Mr. Williams (the man who was driving the wagon when appellee was injured) that he (Williams) was mistaken about the *tire* striking the board; that if anything struck the boards it was the hub. This testimony was for the jury to consider together with all the other evidence in determining in what manner the accident was occasioned; and it could have made no difference to appellee's right of recovery under his declaration alleging that the *wheel* struck the obstruction, that the jury adopted the

theory of Mr. Wilson that the hub of the wheel struck the top of the pile of planks and not that the tire of the wheel struck one of the planks, as Williams, one of the witnesses, had contended. Appellee had a right to have the jury instructed upon any hypothesis that the facts as given in all the evidence would sustain, and it can make no difference that the testimony upon that subject was given by Mr. Wilson upon his cross-examination and that his testimony in court was a mere repetition of what he had previously stated to Wilson upon that subject. If Mr. Wilson's testimony as given upon the trial had any weight whatever as to the way in which the wagon was tipped it was to the effect that the hub and not the tire of the wheel struck the top of the planks as piled. It certainly *tended* to establish that theory and upon it appellee's second instruction was properly given.

Appellant next contends that the fourth instruction given for appellee was misleading. That instruction was as follows:

"If from the evidence in the case and under the instructions of the court the jury find the issue for the plaintiff and that the plaintiff has sustained damages as charged in the declaration, then to enable the jury to estimate the amount of such damages it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury may, themselves, make such estimate from the facts and circumstances proven by the evidence and by considering them in connection with their knowledge, observation and experience in the business affairs of life."

The argument is made that it was error to call the attention of the jury to the "damages sustained as charged in the declaration." We do not think that the instruction could have prejudiced appellant's cause before the jury. There was ample evidence to show that appellee sustained a serious and painful injury; he was confined in the hospital for several weeks, was reduced in weight about thirty pounds,

was unable to walk alone for a considerable time after he left the hospital and lost considerable time besides suffering pain during most of the· fall following the accident in August. The evidence also showed that appellee's expenses at the hospital and for doctors' bills were about $103. The jury awarded appellee the sum of $1,575. This instruction relates to the measure of damages only and to allow appellant's objection to work a reversal of the judgment involved solely upon that ground, we would have to hold not only that it permitted the giving of excessive damages, but also that the verdict *was* excessive under all the evidence and circumstances in the case. This we are not willing to do. The verdict seems to us to be a moderate one, and so' must have appeared to appellant, for in its statement, in original brief, of errors relied upon for reversal, it does not charge or allege that the damages awarded appellee are excessive.

Appellant's next contention is that the trial court committed error in the giving of appellee's fifth instruction in including the theory of permanent injury to the plaintiff. Counsel for appellant argue that there was no proof that appellee suffered a permanent injury and for that reason the instruction was misleading. We regard this contention of appellant as a rather strained one for the instruction does not contain any reference to a *permanent* injury, but merely advises the jury what they might do "if they find from the evidence that the plaintiff had not recovered from the effects of said injury." This it was proper for the court to do, as appellee had testified upon the trial that he did not consider that he had yet fully recovered.

Appellant also complains of the action of the court in modifying some of its instructions and refusing others, but we are not disposed to extend this opinion farther than to say that the instructions offered by appellant and so modified or refused seem to us to have been properly so modified or refused, as many

of them offered were mere repetitions in substance of others already given, while the others were involved and argumentative.

The court gave five instructions for appellee and eleven for the appellant, which as a series stated the law fully and with substantial accuracy and with fairness toward appellant.

We do not find any reversible error in this record and the judgment of the Circuit Court is affirmed.

*Affirmed.*