THE KEOKUK AND HAMILTON BRIDGE COMPANY

*v.*

NELSON M. WETZEL.

*Opinion filed June 19, 1907.*

1. PLEADING—*a plea denying that plaintiff is a corporation is a plea in bar.* A plea denying that a *plaintiff* is now or ever has been a corporation is a plea in bar, since the sustaining of such a plea will defeat the action.

2. SAME—*plea denying that defendant is a corporation is a plea in abatement.* A plea denying that a *defendant,* sued as a corporation, is now or ever has been a corporation must give the plaintiff a better writ by pointing out whether the defendant is a joint stock company, partnership or other association of individuals, to the end that the plaintiff may amend, and hence is a plea in abatement.

3. SAME—*plea of nul tiel corporation must be filed early.* A plea of *nul tiel corporation* denying that the *defendant* is now or ever has been a corporation, being a plea in abatement, comes too late after the making of a motion for change of venue and the filing of a plea of the general issue, and is properly stricken from the files.

4. SAME—*party cannot take inconsistent positions in same plea.* A plea by a defendant sued as the Keokuk and Hamilton Bridge Company which recites, "Now comes the defendant, by * * * attorneys, and for first plea in this behalf says there is no such corporation as the Keokuk and Hamilton Bridge Company," is inappropriate and inconsistent when filed with a plea of the general issue, since by the terms of the plea the named defendant appears, and, being present, pleads that it does not exist.

5. INSTRUCTIONS—*party is entitled to instruction on issue which there is any evidence tending to prove.* If there is any evidence in the record which, with the fair inferences which may be drawn therefrom, tends to prove a material issue in the case, it is the duty of the court, when requested to do so, to instruct the jury as to the law applicable to such issue.

6. SAME—*when giving an instruction allowing estimate of damages though no witness has testified to amount is not error.* Giving an instruction that the jury might estimate plaintiff's damages from the facts and circumstances proven, considering them in the light of their own knowledge, even though no witness had expressed an opinion as to the amount of such damages, is not reversible error,

notwithstanding there are elements of damage charged in the declaration, such as medical attendance, loss of time, etc., to which the rule would not apply, where the plaintiff's injuries were severe and the verdict of the jury is moderate.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Hancock county; the Hon. R. J. GRIER, Judge, presiding.

G. EDMUNDS, and DAVID E. MACK, for appellant.

PLANTZ & LAMET, and CHARLES J. SCOFIELD, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the circuit court of Hancock county by the appellee, against the appellant, to recover damages for a personal injury alleged to have been sustained by the appellee by being thrown from a spring seat upon a farm wagon upon which he was seated, while riding across the bridge of appellant, in consequence of certain obstructions averred to have been negligently placed by appellant upon or near the wagon-way upon the bridge of appellant, with which obstructions the wheel of the wagon upon which appellee was riding came in contact as it was being drawn across said bridge by a span of horses. The declaration contained two counts, to which the appellant filed the general issue and a plea of *nul tiel corporation.* The court struck the plea of *nul tiel corporation* from the files upon the motion of appellee, and upon the trial the jury returned a verdict in favor of the appellee for the sum of $1575, upon which the court, after overruling a motion for a new trial, rendered judgment, which judgment, upon appeal, has been affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

The evidence of the appellee fairly tended to show that the appellant was in the possession and control of a foot, wagon and railroad bridge across the Mississippi river, between Keokuk, in the State of Iowa, and Hamilton, in the State of Illinois; that on the evening of August 7, 1902, the appellee, in company with one Charles Williams, was returning from Keokuk to Hamilton over said bridge with a team and farm wagon; that they were seated upon a spring seat upon the top box of the wagon; that as they neared the Illinois end of the bridge the right front wheel of the wagon came in contact with certain planks which were left by the workmen of appellant, who were repairing said bridge, upon or near the wagon-way, and in consequence of the contact of the wheel of the wagon with said planks appellee was thrown from his seat upon the wagon to and upon the wagon-way of said bridge and he was seriously injured.

The summons was served upon W. H. Alberton, station agent of appellant, its president not being found in Hancock county. Appellant appeared and filed a petition for a change of venue, and the prayer of the petition having been denied, appellant filed said pleas of the general issue and *nul tiel corporation*. The appellant made no motion for a directed verdict, hence no question arises on this record as to the sufficiency of the evidence to sustain the cause of action stated in the appellee's declaration and no question is raised upon the admission or rejection of evidence.

The first contention of the appellant is, that the court erred in striking the plea of *nul tiel corporation* from the files. The correct disposition of that contention involves a determination of the question whether the plea of *nul tiel corporation* defendant is a plea in abatement or a plea in bar. If such plea is a plea in abatement, after the motion for a change of venue had been made and overruled and the general issue filed it was made too late and was properly stricken from the files. (*Union Nat. Bank of Chicago* v.

*First Nat. Bank of Centreville,* 90 Ill. 56.) If, however, it should be treated as a plea in bar it was filed in apt time, and it was error to strike it from the files.

There is some apparent confusion in the reported decisions on this question. We think, however, upon principle and authority, a plea denying that the plaintiff is now or ever has been a corporation is a plea in bar, as the sustaining of such plea would defeat the action. It would seem, however, that when a defendant files a plea in which it denies it is now or ever has been a corporation, it should give the plaintiff a better writ by pointing out to him its true character,—that is, whether it is a joint stock company, a partnership or other aggregation of individuals, to the end that the plaintiff may amend and thereby avoid the abatement of his action, and that such plea is a plea in abatement. Mr. Chitty, in his work on Pleading, (vol. 1, p. 446,) says : "Whenever the subject matter of the plea of the defense is that the plaintiff cannot maintain *any* action *at any time,* whether present or future, in respect of the supposed cause of action, it may, and usually must, be pleaded in *bar;* but matter which merely defeats the *present* proceeding and does not show that the plaintiff is *forever* concluded should, in general, be pleaded in *abatement."* Applying the principle thus announced to the case at bar, the defendant should have pleaded *nul tiel corporation* defendant in abatement, and not in bar of the action. It is said in 10 Cyc. p. 1361 : "The plea of *nul tiel corporation* defendant should not only deny in positive terms that defendant is a corporation, but it should state what defendant is or who the defendants are. In other words, in the technical language of common law pleading it should 'give the plaintiff a better writ.' "

In *American Express Co.* v. *Haggard,* 37 Ill. 465, suit was brought by Haggard against the American Express Company for a failure to deliver to him an express package containing $170.30. The company was sued as a corporation and service was had upon its agent at Bloomington.

The agent came into court, and, without denying his agency, filed an affidavit denying "he was the agent of such a corporation" and saying "he knew of no such corporation," and moved to quash the return. In disposing of that motion the court said: "The object of the affidavit was to raise the question as to whether the defendant was a corporation, and as this was matter *dehors* the record the question was one to be presented by plea in abatement and not by motion." After the motion was overruled, the counsel for the American Express Company filed a plea in abatement in the name of "Johnston Livingston, William G. Fargo, Henry Wells and others, admitting that they, 'together with others,' are doing business under the name of the American Express Company, but denying that said company is now or ever has been a corporation." The court said: "A demurrer was sustained to this plea, and properly. It is defective in not giving the plaintiff a better writ. (1 Chitty, 446.) It should have set forth who were the 'others' with whom Livingston, Fargo and Wells say they are doing business under the name of the American Express Company, in order that the plaintiff might know against whom to bring his suit, if the plea should prove to be true."

The plea filed recites: "Now comes the defendant, by D. E. Mack and G. Edmunds, attorneys, and for first plea in this behalf says that there is no such corporation as the Keokuk and Hamilton Bridge Company," by the terms of which plea the Keokuk and Hamilton Bridge Company, defendant, appears, and being present it pleads in bar that it does not exist. Such a plea is inappropriate and inconsistent when it is filed with a plea of the general issue. While a defendant may plead by separate pleas inconsistent defenses, it may not take inconsistent positions in the same plea. In *McCullough* v. *Talladega Ins. Co.* 46 Ala. 377, the court say: "This suit was assumpsit on a written contract or obligation to pay money, brought by the appellant against the appellee. Defendant pleaded the general issue

and *nul tiel corporation.* The court erred in not sustaining the demurrer to the last plea. I have not been able to find any authority for such a use of the last plea by the corporation." In *President and Trustees of the Town of Connersville* v. *Wadleigh,* 6 Blackf. (Ind.) 297, the court say, on page 298: " 'The President and Trustees of the Town of Connersville' say there are no such persons as 'The President and Trustees of the Town of Connersville.' The admission in one part of the plea destroys the effect of the denial in the other." And in *Oxford Iron Co.* v. *Spradley,* 46 Ala. 107, the court say: "The plea of *nul tiel corporation,* where a defendant is sued as a corporation aggregate, is an inappropriate plea and an inconsistency in itself. We find no precedent for such a plea in such a case nor any case in which it has been pleaded. The appointment of an attorney, and an appearance by him for the defendant, is an admission on the record that the defendant is a corporation." In *Faust* v. *Southern Railway Co.* (S. C.) 54 S. E. Rep. 566, the court say: "When a defendant is sued as a corporation and appears and answers as such to the merits, defendant's corporate existence stands admitted." If the appellant desired to contest its corporate existence it should have done so in apt time by a plea in abatement, and having failed to do so, the trial court did not err in striking its plea of *nul tiel corporation* defendant from the files.

It is next contended that the court erred in giving instructions offered by appellee and refusing to give instructions offered by appellant. The criticism made upon the appellee's second instruction is, that there is no evidence upon which to base such instruction. It reads, in part, as follows: "If you believe, from the preponderance of the evidence, that the lumber in question * * * was piled or stacked * * * so near the wagon track * * * that the hub of the wagon wheel * * * was liable to strike the same," etc., and it is said the evidence tended to show that the rim or tire of the wheel, and not the hub, came

in contact with the lumber. The preponderance of the evidence tended to show that the rim or tire struck the end of a plank that projected into the wagon-way. There was, however, some evidence tending to show that the planks were piled lengthwise near the wagon-way and that the top of the top plank was about the height of the wagon hub, and that the wagon was a new wagon and that the top plank had red paint thereon after the accident, and one theory of the appellee was that the wagon hub, and not the rim or tire of the wheel, struck the top plank of the pile of lumber and caused the accident. Where there is any evidence in the record which, with the fair inferences which may be drawn therefrom, tends to prove a material issue in the case, it is the duty of the court, when requested so to do, to instruct the jury as to the law applicable to such issue. (*Chicago Union Traction Co.* v. *Browdy,* 206 Ill. 615.) In view of the evidence above referred to we do not think the giving of appellee's second instruction constituted reversible error.

Appellee's fourth instruction informed the jury that if they found for the plaintiff, to enable them to estimate the amount of his damages it was not necessary that any witness should have expressed an opinion as to the amount of such damages, but that they might make such estimate from the facts and circumstances proven by the evidence and by considering such facts and circumstances in connection with their own knowledge and experience. The objection urged against this instruction is that damages were "charged in the declaration," such as medical attendance, loss of time, etc., to which the rule announced in said instruction should not be held to apply. This instruction was given and approved in *North Chicago Street Railroad Co.* v. *Fitzgibbons,* 180 Ill. 466, and while the instruction given should have been limited so as to apply only to the physical injury which was sustained by the appellee, we do not think, in view of the severe character of appellee's injury and the amount of their verdict, that the jury were misled by this

instruction, and are of the opinion that the giving thereof did not constitute reversible error.

The criticism upon appellee's fifth instruction is, that it permits a recovery of damages for a permanent injury to the appellee's person, when, it is said, the evidence does not show that the appellee sustained a permanent injury. The appellee testified that he had not fully recovered from the injury at the time of the trial. The instruction informed the jury that in arriving at appellee's damages they might take into consideration not only the pain and suffering, if any, and loss of time, if any, which appellee had sustained by reason thereof, but also the fact that he had not fully recovered from the effect of the injury. The instruction was supported by the evidence, and we think was properly given.

Complaint is also made that the court declined to give the appellant's thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, twentieth and twenty-first instructions. The court gave to the jury five instructions on behalf of appellee and eleven instructions on behalf of appellant. We think the jury were fully and fairly instructed as to the law of the case. The instructions of the appellant which were refused were either covered by other given instructions, or stated some rule of law not applicable to the case, or singled out some portion of the evidence upon which a charge of contributory negligence against the appellee was sought to be predicated. The court, in our opinion, did not commit reversible error in refusing to give any of appellant's refused instructions.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*