# John Graham, Defendant in Error, v. Dr. Pratt Institute et al., Plaintiffs in Error.

## Gen. No. 15,732.

1. MUNICIPAL COURT—*when election of causes of action not required.* If the plaintiff in a bill of particulars sets up three separate causes of action, he is not required upon the trial to elect as to which one he will proceed upon.

2. TORTS—*what does not remove imputation of malice.* If a physician apply a treatment not sanctioned by medical science which resulted in injury and which such physician was bound to know would result in injury, the law imputes a malicious intent.

Error to the Municipal Court of Chicago; the HON. FRED L. FAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

J. E. INGRAM and WILLIAM ENGLISH, for plaintiffs in error.

BENJAMIN SAMUELS, for defendant in error; H. J. TONER, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

John Graham, plaintiff below, defendant in error, a man of twenty-nine years of age, seeing an advertisement in a daily newspaper of Chicago of the Dr. Pratt Institute, that they could remove smallpox pittings, called at the office of the Institute, and had a talk with plaintiff in error Dr. Coates. Later on defendant in error returned and entered into an agreement whereby the Institute, through Dr. Coates, agreed to remove the smallpox pittings on the face of defendant in error for $125. Graham at these interviews particularly inquired as to the kind of treatment he was to receive,

and it was explained to him that it was painless, and relying upon this statement he submitted to treatment by Dr. Coates. Thereupon Coates applied to Graham's face a carbolic acid solution, the ingredients of which he did not know, but relied entirely upon what Dr. Pratt told him. As a result of two applications the skin was burned off Graham's face, and the raw flesh was exposed. Graham suffered much pain in consequence of the treatment. After his face had healed up a black scar remained on his face. To remove this Dr. Coates supplied Graham with some bleaching fluid, stating that one bottle would be sufficient to remove the scar. Graham faithfully applied the preparation but with no effect.

The evidence tends to show that there is no treatment known to medical science for the cure or removal of small pox pits.

The jury returned a verdict in favor of defendant in error for $999.99; and after denying motions for new trial and in arrest, the court entered judgment on the verdict.

It is urged that the court erred in denying the motion of plaintiff in error to compel the defendant in error to elect upon which one of the three causes of action set out in the amended bill of particulars the defendant in error would proceed to trial, and Keokuk & Hamilton Bridge Co. v. Wetzel, 228 Ill. 253, is relied on to sustain the contention. We are of the opinion that this case does not sustain the position of plaintiff in error, and that the trial court did not err in denying the motion.

In our opinion the weight of evidence supports the verdict and judgment, and the court did not err in refusing at the close of all the evidence to direct a verdict in favor of plaintiffs in error.

We do not think the trial court erred in refusing to charge the jury, as requested by plaintiffs in error,

that they must find the plaintiffs in error not guilty of any malicious injury to defendant in error. No proof of express malice was required or made in this case. But, if the plaintiffs in error by applying a solution of acid to defendant in error's face, mutilated his face, when they knew or were bound in the eye of the law to know such treatment was not sanctioned by medical science and, therefore, they had no legal right to perform the operation or to apply such treatment, although there was no malicious intent present, nevertheless, the treatment or act would not be relieved from the imputation o malice in its legal sense (Pratt v. Davis, 118 Ill. App. 161 and cases there cited).

We do not think there was reversible error in the rulings on evide ce.

On an examination of the evidence we are of the opinion that the damages awarded by the jury are not excessive.

The judgment is affirmed.

*Affirmed.*