### PATTERSON *v.* AMERICAN RAILWAY EXPRESS CO.

#### (123 S. E., 844)

CARRIERS—CONSIGNOR'S DIRECTION TO DIVERT SHIPMENT HELD "LAWFUL
EXCUSE" FOR FAILURE TO DELIVER TO CONSIGNEE.—Where consignor
sold a machine under a title retention contract, but after delivery
to carrier, to be shipped to purchaser under straight bill of lad-
ing, demanded that carrier divert shipment to another, carrier had
a "lawful excuse," within Bill of Lading Act, § 8 (U. S. Comp.
St., § 8604dd), for refusal to deliver machine to original consignee.

Before RICE, J., Barnwell, 1923.    Affirmed.

Action by Dr. A. B. Patterson against American Railway Express Company.    From an order of nonsuit, plaintiff appeals.

*Mr. J. O. Patterson, Jr.,* for appellant, cites: *When answer is demurrable:* Vol. 1, Code 1922, Sec. 414; 29 S. C., 286; 32 S. C., 243. *Bill of lading is prima facie evidence of ownership in consignee:* 72 S. C., 453. *Delivery to carrier is delivery to buyer:* 24 A. & E. Enc. L., 2d Ed., 1065. *Where different persons owe same duty the breach may be regarded as joint, and both held liable:* 38 Cyc., 483. *Separate judgments may be recovered but only one satisfaction had:* 38 Cyc., 490. *Joint tort-feasors:* 26 R. C. L., 763; 39 L. Ed., 993. *Carrier liable when delivery not made to consignee in bill of lading:* 98 S. C., 63; 56 L. Ed., 257.

*Messrs. Harley & Blatt,* for respondent, cite: *Title of machine remained in shipper:* 72 S. C., 450. *Right of consignee to stop in transit:* 22 S. C., 386; 74 S. C., 360; 95 S. C., 195; 115 S. C., 82. *Shipper being still owner had right to divert shipment:* 7 A. S. R., 1374; 4 R. C. L., 848.

August 5, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

In an action to recover actual and punitive damages for the alleged diversion or wrongful delivery of a shipment, the Circuit Judge overruled plaintiff's demurrer to the defendant's answer, and upon the evidence adduced by plaintiff at the trial, granted an order of nonsuit. Both rulings were predicated upon the following facts, alleged in defendant's answer and established to the exclusion of any other reasonable inference by the evidence adduced by plaintiff.

The plaintiff, a physician, ordered of the Physico-Clinical Company an electrical machine for use in his practice. The

machine was shipped by the Physico-Clinical Company from San Francisco, California, to the plaintiff at Columbia, S. C. While the shipment was in transit, the Physico-Clinical Company, the consignor, directed the defendant carrier to deliver the shipment to one A. B. Fishburne. The shipment was delivered to Fishburne, and not to the plaintiff. Prior to the delivery to Fishburne, the plaintiff had made demand on defendant for the delivery of the machine to him. Some four or six weeks later a second machine, "same size and same instrument," was delivered to plaintiff. The first machine, shipped to plaintiff and delivered by direction of the consignor to Fishburne, was sold and shipped to the plaintiff under a title retention contract which contained the following stipulation:

"It is further agreed that the ownership of said instrument shall remain totally and absolutely in the Physico-Clinical Company," etc.

No bill of lading was introduced, but it is assumed that the machine in question was shipped to plaintiff on a straight bill. The appellant's position, broadly stated, is that, under the provisions of the Act of Congress known as the Bill of Lading Act, there can be no lawful diversion of an interstate shipment received by a carrier under a straight bill of lading without the consent of the consignee named in the bill. Hence, he contends, an evidential showing that such a shipment was delivered to another than the consignee by virtue of instructions of the consignor, who retained title to the shipment, communicated to the carrier while the shipment was in transit, cannot be held "to establish the existence of a lawful excuse," within the meaning of Section 8 of the Bill of Lading Act (U. S. Comp. St., § 8604dd), requiring "that a carrier, in the absence of some lawful excuse is bound to deliver goods upon demand" to the consignee named in the bill, etc.

We think the appellant's position is untenable. In the case of *Pool v. Railroad Company,* 23 S. C., 286, which was

an action by the vendee of the goods to recover the possession from the carrier, who had been ordered by the vendor, the consignor, not to deliver to the consignee, this Court held:

"The carrier is not bound to know whether the consignor is exercising his right to stop delivery upon proper and legal grounds or not. All that he is bound to know is that the consignor has ordered a stoppage before delivering, and, if so, his delivery afterwards becomes illegal. If this be the law (and of this there seems no doubt), the refusal of a carrier to deliver, with an order in his hands from the consignor not to deliver, is a full protection to him; the refusal under such circumstances affording no cause of action against him to the vendee. As we have said, the order of nondelivery revests the possession of the property in the vendor in contemplation of law, and transfers the cause of action of the vendee for nondelivery from and against the carrier to and against the vendor. From this it follows that the defendant below had not only the right to refuse the demand of the plaintiff, but was legally bound to do so."

The principle thus announced was recognized with approval in *Faust v. Railway,* 74 S. C., 360, 367; 54 S. E., 566, and was expressly approved and applied in *Phillips-Patterson Co. v. Northweston R. Co.,* 108 S. C., 166, 169; 93 S. E., 868, 869. In the last-cited case goods were shipped on an open bill of lading. The consignors wrote the carrier to this effect:

"We will thank you to hold up delivery of these shipments until you receive our telegraphic instructions," etc.

The carrier did not stop or hold up the delivery to consignee as requested, and the consignors brought action for damages. The Court held:

"The moment this notice was received, the title to the goods became revested in the plaintiff, and the defendant became liable for the failure of its agent to stop the delivery

of them to any one but the plaintiff, or a party named by it."

Under the principle announced and applied in the foregoing decisions, there can be no doubt that the carrier in the case at bar had a lawful excuse for failing and refusing to deliver the shipment in question to Dr. Patterson, the consignee.

That conclusion, we think, is clearly required under the facts here presented, even if it be conceded that a mere demand upon the carrier by a consignor of goods, shipped on a straight bill of lading, for the stoppage or diversion of the shipment in transit would not be sufficient in itself to constitute a "lawful excuse," under the Federal statute, for the carrier's failure or refusal to deliver to the consignee. The presumption indulged under the general rule that the consignee of goods shipped on an open or straight bill of lading is the owner of the goods is not absolute. 10 C. J., 257, § 369. Where goods are thus shipped from a seller to a buyer, if before delivery to the consignee the seller notifies the carrier not to deliver the goods, the carrier's duty —in the view most favorable to the consignee's right to require and enforce delivery—"depends upon the actual facts as whether the relation between the consignor and the consignee was such that delivery to the carrier constituted a transfer of title." *Collins v. S. A. L. Ry. Co.* (N. C.), 120 S. E., 824; 10 C. J., 228, § 317; Moore on Carriers, 188.

Under the terms of the written contract introduced in evidence by the plaintiff in the case at bar, there can be no doubt that title to the shipment in question remained in the consignor, the Physico-Clincal Company. In that state of the actual facts, we are of the opinion that, in any view of the law applicable, the demand made by the consignor upon the carrier for a diversion of the shipment in transit constituted a "lawful excuse," under the Bill of Lading

Act, for the carrier's failure or refusal to deliver to the consignee.   10 C. J., 257, § 369.

It follows that the exceptions must be overruled, and the judgment of the Circuit Court affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur. MR. CHIEF JUSTICE GARY did not participate.