THE AMERICAN EXPRESS COMPANY

*v.*

DAVID D. HAGGARD.

1. PLEA IN ABATEMENT—*motion—which may be resorted to.* Where a party who is sued as a corporation seeks to raise the question whether the defendant is a corporation, upon matter *dehors* the record, the question is one to be presented by plea in abatement and not by motion.

2. PLEA IN ABATEMENT—*must give a better writ.* In an action against the American Express Company, sued as a corporation, a plea in abatement was filed in the names of "Johnston Livingston, William G. Fargo, Henry Wells and others," admitting that they, "together with others," were doing business under the name by which they were sued, but denying that the company was a corporation. The plea was held bad, because it did not give the plaintiff a better writ.

3. It should have set forth who were the "others" with whom Livingston, Fargo and Wells say they were doing business, under the name of the American Express Company, in order that the plaintiff might know against whom to bring his suit, if the plea should prove to be true.

4. WITNESS—*competency—interest.* The clerk of a party to whom a package of money was sent by express, receipted for the package, supposing at the time he was receipting for some other articles, and did not in fact receive the money package. The loss of the money being discovered, and also that the clerk had receipted for it, his father, upon being apprised of the facts, voluntarily paid to the owner the amount of the loss. In a suit subsequently brought by such owner against the express company to recover the money lost, his clerk was held to be a competent witness in his behalf, to prove that the money was not received. His liability to the plaintiff was discharged, and he assumed none to his father who paid the money voluntarily.

5. RIGHT OF ACTION—*whether it is extinguished by a payment by a third person.* Where A is primarily liable, and B only secondarily, A may still be sued for the benefit of B, though B has paid the debt.

6. SAME—*in case of the loss of property which is insured.* Thus, if insured property is destroyed by the act of a wrong doer, though the insurance company may have paid the loss, the owner of the property may still sue the wrong doer, and the recovery will be for the benefit of the insurance company.

7. SAME—*in case of loss by an express company.* So in this case, a package of money sent by express was never received by the one to whom it was sent, but was receipted for by his clerk through mistake. The father of the clerk, on being apprised of the circumstances, paid the amount of the loss to the

30

owner. It was held this payment was not for the benefit of the express company, and discharged no right of action which existed against them. The owner might still sue the company to recover the money lost, for the use of the father of the clerk.

8. BENEFICIAL PLAINTIFF—*need not be named in the record:* The fact that a suit is brought for the use of a third person need not be expressed upon the record.

9. EVIDENCE—*upon cross-examination—what is competent.* In an action against an express company to recover for money alleged to have been entrusted to them, but never delivered, and for which a receipt had been given by a clerk of the owner, by mistake, supposing he was receipting for other articles, the company proved by one of their agents the custom of their drivers never to deliver packages without getting a receipt, and that they always took the package to the consignee when they called for the receipt. The plaintiff, on the cross-examination, proved that it was the custom of the particular driver who had this package, to steal money parcels, and that some time after this occurrence, the company arrested him, made him surrender $850 in money and some valuable jewelry, and that the driver escaped from the officer and ran away. *Held,* that after the examination in chief, this evidence upon the cross-examination was admissible.

10. DELIVERY OF GOODS—*by an express company—what constitutes.* A delivery of a package by an express company, to discharge the company, must be actual and *bona fide,* and not merely formal.

11. So, if the agent of the company abstracts a parcel while in the act of delivering it, it is no delivery, and the company will be liable even though a receipt be signed and the form of delivery gone through, by the agent's laying the property for a moment out of his hands.

12. COMMON CARRIERS—*responsible for the honesty of their agents.* An express company is a common carrier, and must be held to the strictest responsibility for the honesty of its agents, and if one of them abstract a parcel while in the act of delivering it, the company will be liable.

APPEAL from the Circuit Court of McLean County; the Hon. JOHN M. SCOTT, Judge, presiding.

David D. Haggard brought this action on the case in the court below, against the American Express Company, to recover for a package of money sent to the plaintiff at Bloomington, Ill., by his agent, from Clinton, in DeWitt county. The company was sued as a corporation, and there was service upon their agent at Bloomington, in the manner prescribed by the statute for service upon corporations.

The defendants appeared and moved to quash the sheriff's return upon the summons, and in support thereof presented the following affidavit of the agent upon whom the service was had:

Luther A. Fuller, being duly sworn, on his oath says that the summons in the above case was served upon affiant, and affiant says he is not now, and was not at the date of said service, and never has been the agent of any such corporation as the American Express Company, and that he knows of no such corporation, and further saith not.

The court overruled the motion, and exception was taken.

The defendants thereupon filed a plea in abatement, as follows:

| | |
|---|---|
| Johnston Livingston, William G. Fargo and Henry Wells and others, who are sued by the name of the American Express Company, *against* David D. Haggard. | *McLean County Circuit Court—December Term,* 1864. |

The said Livingston, Fargo and Wells, say that they, as the firm of Livingston, Fargo, & Co., together with others under the firm of Wells, Butterfield & Co., are engaged in the business of transporting by express between various points in the State of Illinois, under the general name of the American Express Company; that there is not now, and never has been any body politic or corporate, under the name or style of the American Express Company, either in the State of Illinois or elsewhere, and this they are ready to verify. Wherefore they pray judgment of the said writ and declaration, and that the same may be quashed.

Which was duly verified by affidavit.

A demurrer to this plea was sustained. The plea of the general issue was filed, and the cause proceeded to trial before the court, without a jury.

The plaintiff having proved the delivery of the package to the company, introduced *W. Haggard*, who testified as follows:

In July, 1863, I was in the employment of the plaintiff, at Bloomington, as clerk. The package of money spoken of by the last witness was never delivered to me. I went to the office of the defendant, in Bloomington, about a week after it was sent, with the plaintiff, and there saw a receipt for said package which I had signed. The receipt was in the book in which the express company took receipts, and was in my handwriting. I did not at first remember anything about it. After reflecting, and seeing the receipt, I then recollected of Jacob Shook, the driver who delivered packages for the express company, coming to the store of the plaintiff, and of my signing the receipt. I did not get the package at the time I signed the receipt. I supposed that it was for a package of castings, and was left on the sidewalk. The plaintiff is a hardware merchant, and sells reapers and other agricultural machinery. I was in the habit of signing for packages of castings often, sometimes two or three times a day, and had receipted for money, and had authority to do so. After it was discovered that the package was lost, I wrote to my father in Chicago about it, stating the facts, and he paid the plaintiff (who is my uncle) the amount of the loss, and charged it to me. I did not request my father to pay it. I was then under twenty-one years of age, and am still so.

The counsel objected to the examination of this witness on the ground of his interest, which objection was overruled by the court, and the defendant then and there excepted.

Being cross-examined, the witness further testified : When Shook, the driver, came to the store, I gave him the receipt now shown to me. I think some customers were in the store at the time. Plaintiff was not in the store. I think the receipt book was on the show-case when I signed the receipt. Shook stood by the counter. I saw no package, nor did he call my attention to any package. Shook was in the habit of laying packages of castings on the sidewalk and coming in and getting a receipt. If Shook had laid it down on the counter, it might have been taken up by somebody else. I did not look for any package then, nor at any time afterwards. I did not think of it again till I was told that it was lost and that I had receipted for it. I did not then recollect anything at all about it. After two or three days, when I saw the receipt, I recollected that I had given to Shook a receipt, as I have stated.

The plaintiff here rested his case.

The defendant then called as a witness L. W. Fuller, who testified :

I have been in the employ of the defendants about eight years, as agent having charge of offices. The business of drivers is to deliver packages, and collect the charges, and get receipts for packages. He is not allowed to deliver without getting a receipt, and always takes the package to the consignee, when he calls for the receipt.

Being cross-examined, this witness testified that Jacob Shook, formerly driver for defendants, stole property that had been brought by express ; he took out part of packages that came in bad order, and delivered the balance ; he was discharged by the defendants ; before he was discharged, he was arrested, and gave up about $850, and some valuable jewelry to the defendants. This was not equal to the amount he had stolen. I do not know that this claim of the plaintiff was included in the claim against Shook; I do not recollect about that. I think I spoke to the detective who

had Shook in custody about this claim of plaintiff, and may have stated the amount to him; also about one claimed to have been lost by Mr. Hyde, together with other losses. The detective got all the money and jewelry that was got from Shook, and delivered the same to me. The detective turned Shook over to an officer of the law from whom he escaped and fled from justice.

The defendant objected to the testimony called out on cross-examination, which objection was overruled by the court, and the defendant excepted.

The court found the issue for the plaintiff, and rendered judgment accordingly. The defendants thereupon took this appeal, and now assign for error:

1. That the court overruled their motion to quash the return on the summons.

2. The sustaining the demurrer to the plea in abatement.

3. Finding the issue for the plaintiff.

Mr. R. E. WILLIAMS for the appellants.

Mr. W. H. HANNA for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

This was an action on the case brought by the appellee, David D. Haggard, against the American Express Company, for not delivering a package of money containing $170.30, sent to the appellee at Bloomington, Ill. The company was sued as a corporation, the Legislature of this State having incorporated the persons who defended this suit by a public act to be found on page 379 of the Laws of 1859. There was service on the agent at Bloomington in the manner prescribed by the statute for service on corporations. The agent came in, and, without denying that he was the agent of the company, denied that he was the agent of such a corporation, and said he knew of no such corporation, and on

this affidavit, moved to quash the return, which motion the court overruled. The object of the affidavit was to raise the question as to whether the defendants was a corporation, and as this was matter *dehors* the record the question was one to be presented by plea in abatement and not by motion. *Holloway* v. *Freeman*, 22 Ill., 201.

The counsel for the appellant then filed a plea in abatement in the name of "Johnston Livingston, William G. Fargo, Henry Wells and others," admitting that they, "together with others," are doing business under the name of the American Express Company, but denying that said company is now, or ever has been, a corporation. A demurrer was sustained to this plea, and properly. It is defective in not giving the plaintiff a better writ. 1 Chitty, 446. It should have set forth who were the "others," with whom Livingston, Fargo and Wells say they are doing business, under the name of the American Express Company, in order that the plaintiff might know against whom to bring his suit, if the plea should prove to be true.

The admission of the testimony of W. Haggard is also assigned for error. It appears that the witness was a clerk in the hardware store of the plaintiff, who was his uncle; that he was in the habit of often receipting to the company for goods, sometimes two or three times a day, and that he receipted for the package in question, supposing, as he swears, that he was receipting for castings that had been left on the sidewalk. He swears he never received the money in question. After its loss was discovered, with the fact that the witness had given the company a receipt for it, he wrote to his father in Chicago, stating the circumstances, and thereupon his father paid to the plaintiff the amount of his loss. The witness was a minor, and the money was not paid at his request. He clearly had no legal interest in the event of this suit, and was a competent witness. His liability to the plaintiff is discharged, and he has assumed none to his father, who voluntarily came forward and paid the money.

It is further urged that this payment of money has satisfied the plaintiff's claim, and that his right of action is thereby gone. But the payment was not made for the benefit of the express company, and discharged no right of action which existed against them. This suit may be still prosecuted for the use of the father of the clerk, and such use need not be expressed upon the record. Where A is primarily liable, and B only secondarily, A may still be sued for the benefit of B, though B has paid the debt. Thus, if insured property is destroyed by the act of a wrong doer, though the insurance company may have paid the loss, the owner of the property may still sue the wrong doer, and the recovery of the property will be for the use of the insurance company. *Mason* v. *Lainsbury*, 3 Doug., 61; *Hart* v. *Western Railroad*, 13 Met., 99.

It is also urged that the evidence of Fuller called out on the cross-examination was improperly received. Fuller was the agent of the company, and was put upon the stand by them to prove the custom of the drivers of the express wagons, in regard to the delivery of parcels and taking of receipts. The plaintiff, on the cross-examination, proved that it was the custom of the particular driver who had this package to steal money parcels, and that some time after this occurrence the company arrested him, made him surrender $850 in money and some valuable jewelry, and that the driver escaped from the officer and ran away. We think, after the examination in chief, this evidence was admissible.

The counsel for the appellants further urges, that even if the driver, having laid the package on the counter, stole it while the clerk was signing the receipt, the delivery was complete and the company discharged. But a delivery, to discharge the company, must be actual and *bona fide*, and not merely formal. Here the clerk swears there was no delivery, that he neither saw nor heard of a package of money, and thought he was receipting for a package of castings on the sidewalk. The company is a common carrier and must

be held to the strictest responsibility for the honesty of its agents, and if one of them abstract a parcel while in the act of delivering it, the company will be liable even though a receipt be signed and the form of delivery gone through, by the driver's laying the property, for a moment, out of his hands. We find no error in the record.

*Judgment affirmed.*