## SOLON CUMINS *et al.*
### *v.*
## WILLIAM WOOD.

BURDEN OF PROOF — *in action by a bailor against a bailee.* In case of a bailment for hire, as well as when the bailment is gratuitous, where it appears the goods, when placed in the hands of the bailee, were in good condition, and they were returned in a damaged state, or not returned at all, in an action by the bailor against the bailee, the law will presume negligence on the part of the latter, and impose on him the burden of showing he exercised such care as was required by the nature of the bailment.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action on the case, brought in the court below, by William Wood against Cumins & King, to recover the value of certain articles of household furniture, stored with

the defendants by the plaintiff, and alleged to have been lost or broken while in the care of the defendants.

The court found the issue for the plaintiff, and assessed his damages at $250, and judgment was entered accordingly.

The defendants bring the cause to this court by appeal.

The only question arising under the assignment of errors is, upon whom lies the burden of proof as to the fact of negligence in respect to the loss and injury of the goods.

Messrs. Williams & Thompson, for the appellants.

The authorities in England are believed to be uniform and to this effect : that in cases of bailment, whether the action be assumpsit or case, the plaintiff must prove that the loss or damage to the article bailed occurred through the negligence of the bailee. *Finacune* v. *Small*, 1 Esp. 315 ; *Cooper* v. *Barton*, 3 Camp. 5 ; *Gilbert* v. *Dale*, 5 Ad. & E. 543 ; *Harris* v. *Parkwood*, 3 Taunt. 564 ; Story on Bailments, § 454.

We find no English case where an action against a bailee was maintained for the loss or injury of articles bailed, unless the plaintiff proved the negligence, and that the loss was in consequence of it, or unless the defendants were common carriers and insurers.

In this country the decisions have not been uniform to that extent, and in some cases, when the action was assumpsit, the plaintiff has been allowed to recover, unless the defendant returned the goods or gave an account of the manner of the loss ; but, where the action has been case, the plaintiff has been required to prove the negligence of the defendant. *Platt* v. *Hibbard*, 7 Cow. 500.

This case has been referred to in all subsequent cases, but is, in reality of no authority. The judge charged the jury that the burden of proving diligence and care was upon the defendant, the bailee. The point, however, was not decided by the court, and the reporter states the rule to be otherwise.

The following cases show the rule in New York to be the same as in England. *Harrington* v. *Snyder*, 3 Barb. 380 ; *Bush*

27 — 44th Ill.

v. *Miller*, 13 id. 481; *Foote* v. *Storrs*, 2 id. 326; *Schmidt* v. *Blood*, 9 Wend. 268; *Beardslee* v. *Richardson*, 11 id. 25.

The case of *Foote* v. *Storrs*, *supra*, expressly overrules the charge of the judge as given in *Platt* v. *Hibbard*.

In *Runyan* v. *Caldwell*, 7 Humph. 184, the defendant hired a negro boy of the plaintiff for a year, and during the year the boy disappeared; whether he escaped or died was unknown. The court held, that the burden of proving negligence rested upon the plaintiff, and the defendant was not bound in the first instance to prove that he exercised due diligence and care.

In Pennsylvania the authorities have not been uniform. *Clarke* v. *Spence*, 10 Watts, 335; *Buchanan* v. *Shouse*, 5 Rawle, 179; *Logan* v. *Matthews*, 6 Penn. St. 419.

In the last case, which was assumpsit, the defendants had hired a horse and buggy of the plaintiff and returned them in an injured condition. The court held, that the defendant must either return the property hired in proper condition or must satisfactorily account for the injury.

In *Bennett* v. *O'Brien*, 37 Ill. 250, which was a case where the greatest diligence was required, a strong intimation is made that in cases like the present, the burden of proof would be upon the plaintiff.

Professor Parsons holds, that the proper rule is that stated in *Logan* v. *Matthews*, while Judge Story and Chancellor Kent, in their commentaries, state that the English rule is the proper one. 1 Parsons on Contracts, 686 (bottom paging); Story on Bailments, § 410; 2 Kent Com. 587 (side paging).

The cases of *C. & A. R. R.* v. *Howard*, 38 Ill. 414, and *L. P. & B. R. R.* v. *Caldwell*, id. 280, are in point.

The first expressly states that the party who alleges negligence must prove it; the second goes further, and decides that the plaintiff must not only show negligence, but must show that the loss or injury took place by means of such negligence.

These are the cases that have been discovered on both sides of this question, and we are confident that it will be found, that, although there is some conflict as to the party upon whom

the burden of proof rests, when the form of action is not known or is overlooked, yet not a single case will be found which decides that, when negligence must be shown by the plaintiff, it is sufficiently proven by showing merely a failure to deliver the property.

It will not be denied, it being alleged in the declaration that the loss occurred through the negligence of the defendant, that it is incumbent upon the plaintiff to offer some proof of such negligence.

In actions against attorneys for negligence, the plaintiff must show, not only that loss occurred, but that the loss occurred by the fault of the attorney.

In actions against railway companies for injuries to passengers, the plaintiff must prove, not only that the defendant was negligent, and that the injury was in consequence of such negligence, but he must also prove that the plaintiff exercised due care. *Chicago, Burlington and Quincy R. R.* v. *Dewey*, 26 Ill. 255; *Same* v. *Hazzard*, id. 373.

In actions against railroads for killing stock, the burden of proof is upon the plaintiff, and is not met by showing the bare killing of the stock by the train. *Illinois Central R. R.* v. *Reedy*, 17 Ill. 580; *G. & C. R. R.* v. *Crawford*, 25 id. 529.

To the general rule, that the plaintiff must prove his case affirmatively, there are but few exceptions, and none of them can relieve the plaintiff in this case of the necessity of showing negligence, as that is the foundation of his action. It cannot be said that the proof required in this case is peculiarly within the knowledge of the defendant, for his neglect of duty may be easily shown, and the cases above cited in this State expressly negative such an assumption. And neglect of duty or lack of care is not a negative averment, which requires proof from the opposite party to rebut the presumption of its truth. 1 Green. Ev. §§ 79, 81.

This action should have been in assumpsit, on the express promise contained in the receipt, to redeliver the property. In *Spangler* v. *Eicholtz*, 25 Ill. 297, this court says there is an implied promise to take reasonable care of goods deposited,

and to redeliver them on request. That was an action before a justice, and therefore not an action on the case.

In this case there was an express promise to redeliver, and for a breach of that promise assumpsit will lie, and the defendant would then be compelled to excuse himself by affirmatively showing reasonable care and diligence. If the defendant has been guilty of neglect, he can also be sued in case, but the neglect must be shown. The plaintiff cannot elect, however, to sue for the tort and only show a breach of an express promise, and that is precisely what he has done in this case. *Clayburgh* v. *Chicago*, 25 Ill. 535.

This is not a case against a common carrier. Upon them the law imposes greater liability, and it is probable that a proof of loss by them is *prima facie* proof of negligence. It is so stated in *Porter* v. *C. & R. I. R. R.* 20 Ill. 412, which, however, was in assumpsit, and the court rely upon the authority of Story on Bailments, section 529. It has been shown to be Judge Story's opinion, that when only ordinary care is required, positive proof of negligence must be adduced.

In this case the defendants were not shown to be public warehousemen. They were commission merchants, and made a contract for the storage of the plaintiff's property. The law imposes upon them the duty of ordinary and reasonable care, and makes them responsible for ordinary negligence. The law presumes that every person does his duty until the contrary is shown; and in cases like this, the presumption is, that the property was lost by accident, or without the fault of the defendants. Story on Bailments, § 213.

Mr. Hiram M. Chase, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The only question of law in this record is, as to where lies the burden of proof as to the fact of negligence in an action brought by a bailor against a bailee, in whose hands the goods have suffered injury. The counsel for appellants, while admitting the authorities to be in conflict, insist that the weight of

authority would throw the burden on the bailor. We held the opposite rule to be the more reasonable one in the case of *Bennett* v. *O'Brien*, 37 Ill. 250, and we are not inclined to depart from that decision. That, it is true, was a case of gratuitous bailment, but the reason of the rule applies as well to a bailment for hire. That was a case of a borrowed horse injured while in the possession of the borrower. The present suit is brought by a person who had stored furniture with the defendants at such rates of storage as the defendants asked, and which rates were paid by the plaintiff, and when the latter demanded his goods, a part of them were restored to him in a damaged condition, and the carpets were not returned at all. Now, in cases of this sort, it would be very difficult for the plaintiff to show in what way the injury and loss had occurred, or that they had occurred by the actual negligence of the defendants, or their employees. The plaintiff would not know what persons had been engaged in the defendants' warehouse, nor where to find the testimony necessary to support his action. On the other hand, the defendants would know, or ought to know, what persons had had access to the goods, and could easily show that proper care had been exercised in regard to them, if such was the fact. For this reason we hold it the more reasonable rule, when the bailor has shown he stored the goods in good condition, and they were returned to him in a damaged state, or not returned at all, that the law should presume negligence on the part of the bailee, and impose on him the burden of showing he has exercised such care as was required by the nature of the bailment.

In the present case, perhaps the presumption of negligence was sufficiently rebutted by the evidence in regard to the fire as to all the goods except the carpets. But no explanation is made in regard to these. The defendants themselves prove that the firemen took away none of the goods, and that they were in the fourth story, where no person but the employees of the defendants had access to them. The fire only burnt a hole in the floor, and no attempt is made to prove that the carpets were destroyed by the fire. The presumption from

the proof is, if the carpets were not taken away by an employee of the defendants, that they were taken by some person to whom the defendants improperly permitted access to the place where the goods were kept. The verdict did not exceed the value of the carpets, and we see no reason for reversing the judgment.

*Judgment affirmed.*