WILLIAM T. STAUTS

*v.*

STATE OF ILLINOIS.

*Opinion filed December 11, 1916.*

1. BAILMENT—*law of, where a horse is bailed.* Where a horse is hired, the bailee is required to pay the expense of caring for it, use it moderately, and as carefully as a person of common discretion would use his own animal, and supply it with suitable food.

2. SAME—*presumption of negligence.* When a horse, in good condition, is placed in the hands of a bailee, and is later returned in damaged condition or not returned at all, an action will lie in favor of the bailor, and the law in such case will presume negligence on the part of the bailee, and will impose on him the burden of showing that he exercised such care as was required by the bailment. *Funkhouser* v. *Wagner* 62 Ill. 59; *Cummins* v. *Woods,* 44 Ill. 416; *Bennett* v. *O'Brien* 37 Ill. 250).

Ralph J. Hefferman, for Claimant.

P. J. Lucey, Attorney General, for State.

This is a claim for damages to a horse rented by Captain Frank Tatman for claimant, for the use of Troop "B", First Cavalry of the Illinois National Guard, during its annual tour of duty in July, 1913.

The evidence shows that the horse in question was in good condition when delivered to Captain Tatman, and was worth about $175.00, that being the value placed on the horse by the Board of Survey. The tour was made during the hot days of July, 1913, and several of the horses, on one of the journeys, seemed to be overcome by the heat, and would lie down and were almost exhausted on account of the extreme heat and the extra long and hard trip, and when claimant's horse was returned to camp one night it was suffering from exhaustion. The next morning it was stiff and could not move. An assistant veterinary said it had foundered. The Board of Survey ordered the horse shot. The horse was not shot, but placed in a pasture, but it did not recover. Claimant was compelled to go to Chicago and get the horse, and he now claims $10.00 for expenses for said trip, and $10.38 for freight charges for shipping said horse and another horse from Chicago to Bloomington. He kept said horse from September, 1913, to the fall of 1914, at a cost of more than $25.00, and was unable to work him, because said horse never got over his stiffness, and finally was sold for $25.00.

When a man hires a horse the law is, "He is bound to pay the expense of keeping it, use it moderately, and treat it as carefully as any man of common discretion would treat his own animal, and supply it with suitable food, and if the horse, when placed in the hands of a bailee, is in good condition, and it is returned in a damaged condition

or not returned at all, in an action by the bailor against the bailee, the law will presume negligence on the part of the latter and impose upon him the burden of showing that he exercised such care as was required by the bailment."

*Funkhouser* v. *Wagner,* 62 Ill. 59; *Cummins* v. *Wood,* 44 Ill. 416; *Bennett* v. *O'Brien,* 37 Ill. 250.

This Court passed on this same question in *Campbell* v. *State of Illinois,* 2 Ct. of Cl. R. 298.

We hold, that under the law and the evidence in this case, that the claimant is entitled to an award, and it is the judgment of this Court, that the claimant be and is hereby awarded the sum of one hundred ninety-five and 38/100 ($195.38) dollars.