---

(No. 11380.—Appellate Court reversed; municipal court affirmed.)
FLORENCE E. SCHAEFER, Plaintiff in Error, *vs.* THE WASHINGTON SAFETY DEPOSIT COMPANY, Defendant in Error.

*Opinion filed October 23, 1917—Rehearing denied Dec. 6, 1917.*

1. APPEALS AND ERRORS—*Appellate Court reversing a judgment for error of fact must make a finding of fact.* The Appellate Court may reverse a judgment for error of law or error of fact, and if for error of law, which may be corrected on another trial, the cause must be remanded, but if for error of fact, where no material evidence has been wrongfully excluded, its judgment may be final, but the ultimate facts upon which the judgment rests must be found and recited in the judgment, leaving the Supreme Court to determine whether the law was properly applied to the facts as found.

2. SAME—*what is not finding of fact in Appellate Court's judgment.* A finding in the judgment of the Appellate Court that the plaintiff did not prove the defendant liable in manner and form as charged in her statement of claim and has failed to prove any actionable negligence against the defendant is not a statement of any ultimate fact but only a conclusion of the court as to the legal liability of the defendant under the law as the same is interpreted by the court.

3. SAME—*when the Appellate Court is presumed to have found facts same as trial court.* Where the Appellate Court makes no

finding of fact in its judgment reversing the judgment of the lower court without remanding the cause, it is presumed to have found the facts the same as the trial court.

4. BAILMENTS—*degree of care required of a safety deposit company.* A safety deposit company is bound to use ordinary care in keeping a box which is rented by a customer although the customer has the key, as the duty of exercising such care arises from the nature of the business which the company carries on, and the obligation to discharge the duty is implied from the relation of the parties, regardless of any stipulation.

5. SAME—*what is meant by ordinary diligence.* Ordinary diligence means that degree of care, attention or exertion which, under the circumstances, a man of ordinary prudence would use in reference to the particular thing were it his own property or in doing the particular thing were it his own concern.

6. SAME—*what is sufficient statement of cause of action against a safety deposit company.* An allegation in a statement of claim against a safety deposit company that the plaintiff leased from the company a safety deposit box, paid the rent and deposited her money in the box, which was left under the care, control and management of the company, and that when she opened the box several months afterward the money had been abstracted without her consent or knowledge, states a good cause of action against the company.

7. SAME—*when presumption arises that loss was due to bailee's negligence.* Where a bailee receives property and fails to return it the presumption arises that the loss was due to his negligence, and the law imposes on him the burden of showing that he exercised the degree of care required by the nature of the bailment.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding.

M. D. DOLAN, (FREEMAN K. BLAKE, of counsel,) for plaintiff in error.

CHARLES V. BARRETT, (HENRY T. CHACE, JR., EDWARD OSGOOD BROWN, JAMES C. HUTCHINS, CARL MEYER, WILLIAM S. MILLER, THEODORE S. CHAPMAN, and EDWARD EAGLE BROWN, of counsel,) for defendant in error.

Mr. Justice Cartwright delivered the opinion of the court:

The municipal court of Chicago rendered a judgment in favor of the plaintiff, Florence E. Schaefer, for $1250 and costs against the defendant in error, the Washington Safety Deposit Company, and the Appellate Court for the First District reversed the judgment without remanding the cause. A writ of *certiorari* was awarded to bring the record to this court for a review of the judgment of the Appellate Court.

The defendant in error has moved to dismiss the writ for lack of jurisdiction on the ground that the judgment of the Appellate Court did not exceed $1000. The judgment of the municipal court was for more than $1000 and was reversed, annulled and set aside by the judgment of the Appellate Court. The question presented by the petition for a writ of *certiorari* was which judgment was right. The motion to dismiss the writ of error is overruled.

An Appellate Court may reverse a judgment for error of law or error of fact. If for error of law, which may be corrected on another trial, the cause must be remanded, but if for error of fact, where no material evidence has been wrongfully excluded, the judgment of the Appellate Court may be final, but the ultimate facts upon which the judgment rests must be found and recited in the judgment. In this case the Appellate Court in the opinion filed dealt with alleged errors of law and also made the following finding of fact: "The court finds from the evidence that plaintiff has not proven defendant to be liable in the manner and form charged in her statement of claim, and further, that plaintiff has failed to prove any actionable negligence against defendant in the matters set forth in her statement of claim." If this was a finding of fact as to the matters in controversy, the only function of this court is to determine whether the law was properly applied to the facts as found.

The issue and evidence before the Appellate Court were as follows: The statement of claim by the plaintiff was for $1250 deposited in a safety deposit box rented or leased from the defendant by the plaintiff for one year, beginning January 2, 1914, for three dollars, which box was under the care, control and management of the defendant, and it alleged that the money was abstracted from the box some time between January 2 and July 11, 1914, without the consent or knowledge of the plaintiff and in violation of defendant's contract to safely keep said sum of money. The plaintiff was ruled to file a copy of her contract with the defendant, and filed a copy of a receipt for three dollars for rent of safe No. 260 in the vaults of the defendant for one year, subject, however, to the rules and conditions indorsed thereon and made a part of the receipt and of any renewals or extensions thereto. One of nine provisions printed on the back of the receipt was the following: "The liability of the company is expressly limited to the exercise of ordinary diligence to prevent the opening of the within mentioned safe during the within mentioned term, or any extension or renewal thereof, by any person other than the renter or his duly authorized representative, and such opening shall not be inferable from the loss of any of its contents; nor shall the company be liable for permitting a deputy of the renter to have access to and remove the contents of said safe after the renter's death or disability and before the company has knowledge of such death or disability." The defendant filed an affidavit of merits denying the deposit of the money in the box or that it was abstracted from the box without the consent or knowledge of the plaintiff, and affirmed that it had lived up to the terms of the contract at all times during the existence of the lease and had used ordinary care to prevent the opening of the box during the term of the lease by any other person than the plaintiff. Leave was given to file a reply to the affidavit of merits, and the reply of the plaintiff, sworn to, denied

that the defendant used ordinary care and diligence to prevent the opening of the box during the term of the lease by any other person than the plaintiff.

The evidence for the plaintiff was that she rented the safety deposit box on January 2, 1914, paid for it and received the receipt and a key; that she deposited in the box $1250 in currency; that the box was No. 260; that the next time she went to the box was on July 11, 1914, when she signed a slip and delivered her key to the custodian; that the location of the box and the plate number had been changed and that upon opening it the contents were gone. There was testimony of her husband that he gave her the money in large bills, and of her mother and brother that she counted the money in their presence and put it in her hand-bag when she started for the defendant's place of business. The evidence for the defendant consisted of testimony of the watchfulness exercised by it over the vaults, and particularly during the time that alterations and changes were being made, and the testimony of a bank officer that he did not remember changing smaller bills into large ones for the husband of the plaintiff, as testified to by the husband, who said that he made the exchange and gave the money to his wife, and the officer said he would have remembered if he had made the exchange. The evidence for the defendant tended to prove that no one but the plaintiff had had access to the box. The Appellate Court stated that the cause of action proceeded upon the theory of the plaintiff that the defendant was presumptively liable because the money deposited in the box in January was not there in July when she next opened the box; that such was not the presumption of law, and if it were, the presumption had been effectively rebutted by defendant's proof; that the contract of the defendant was to use ordinary diligence to prevent the opening of the box by any person other than the plaintiff and that such opening should not be inferable from the loss of any of the contents of the box, and therefore the

plaintiff was bound to prove some act of negligence causing the loss of her money, which she had failed to do. The opinion concluded with the statement that as the plaintiff had neither stated nor proved a case entitling her to recover, the judgment was reversed with a finding of fact. The first supposed finding of fact was that the plaintiff had not proved the defendant liable in the manner and form charged in her statement of claim, and this was not a statement of any ultimate fact but only a conclusion of the court as to the legal liability of the defendant under the law as interpreted by the court. The second finding was that the plaintiff had failed to prove any actionable negligence against the defendant in the matters set forth in her statement of claim, and this was merely a finding that the plaintiff had failed to prove that kind or degree of negligence which in the opinion of the court would constitute a breach of the duty assumed by the defendant; that she had failed to prove such negligence as afforded cause for instituting the action and which offended against the law as applied to the relations of the parties. There being no finding of fact the Appellate Court is presumed to have found the facts the same as the trial court. (*Hayes* v. *Massachusetts Mutual Life Ins. Co.* 125 Ill. 626; *Sellers* v. *Thomas*, 185 id. 384; *Coverdale* v. *Royal Arcanum*, 193 id. 91; *Laughlin* v. *Norton*, 267 id. 476.) It is clear from the opinion and finding that the Appellate Court did not find the facts differently from the trial court but concluded that they were insufficient to sustain the action.

The remaining question is whether the Appellate Court was right in reversing the judgment for error of law, and one of the conclusions of the court was that the statement of claim failed to state any cause of action because there was no presumption of the defendant's negligence on account of the money being lost and because of the stipulation on the back of the receipt, and that the trial court erred in giving an instruction relating to that subject. The relation

between the plaintiff and defendant was one of bailment, and the defendant, without any special contract to such effect, was bound to use ordinary care in keeping the deposit although the plaintiff, who rented the box, kept the key. (*Mayer* v. *Brensinger*, 180 Ill. 110.) The duty of exercising such care arises from the nature of the business which a safety deposit company carries on, and the obligation to discharge the duty is implied from the relation of the parties. As bailee the defendant was bound to exercise such care and diligence in the preservation of the property entrusted to it as every prudent man takes of his own goods of like character. (*Chicago and Alton Railroad Co.* v. *Scott*, 42 Ill. 132; *National Safe Deposit Co.* v. *Stead*, 250 id. 584.) Ordinary diligence means that degree of care, attention or exertion which, under the actual circumstances, a man of ordinary prudence and discretion would use in reference to the particular thing were it his own property or in doing the particular thing were it his own concern. (6 Corpus Juris, 1119.) Whether or not the same rule should apply to the indorsement on the receipt as in the case of a bailment for carriage of goods, which does not constitute a part of the contract unless it is shown that the shipper knew of such conditions and assented thereto, (*Adams Express Co.* v. *Haynes*, 42 Ill. 89; *Merchants' Despatch Transportation Co.* v. *Theilbar*, 86 id. 71; *Western Transportation Co.* v. *Newhall*, 24 id. 466;) the stipulation did not change or purport to change the duty of the defendant, which was limited to the exercise of ordinary diligence, and in that respect it had no effect to change the law even if it was a part of the contract. There was added a condition that the opening of the box should not be inferable from the loss of any of its contents. That was merely an attempt, whether successful or not, to shift the burden of proof and to agree what evidence the court should accept as making a *prima facie* case for the plaintiff. It did not in any manner affect the sufficiency of the state-

281 – 4

ment of a cause of action in which the plaintiff alleged that she leased the box, paid the rent and deposited the money in the box on January 2, 1914, and when she opened the box on July 11, 1914, the money had been abstracted without her consent or knowledge. In her reply she denied that the defendant used ordinary care and diligence to prevent the opening of the box during the term of the lease by any other person than herself. These sworn statements showed a good cause of action. The plaintiff was not bargaining for sufficient space in which to deposit her money, which would have been worth but a nominal sum, but she was bargaining for safety which the defendant advertised as its business and for the exercise of such care as a reasonably prudent man would exercise toward the safety of like property of his own under like conditions. Undoubtedly, the relation being contractual, the plaintiff and defendant might by contract define their respective duties or limit the liability of the defendant, provided the contract was not in violation of law or public policy, but in this case there was no agreement limiting the duty of the defendant. The question where the burden of proof was is not now of any importance, since the court advised the jury that the plaintiff was bound to prove her statement of claim by a preponderance of the evidence, and the jury found upon all the evidence, under the instructions of the court, in favor of the plaintiff.

The instruction criticised by the Appellate Court as incorrect was numbered 4. It purports to have been given orally but in fact was one of a series of written instructions read to the jury and was excepted to by the defendant. The instruction contained as a hypothesis of fact that the plaintiff rented from the defendant a safety deposit box in which to keep her money and other valuables; that she placed in the box $1250; that on returning to the box the money was not there; that she demanded that the defendant return the money; that the defendant failed to return the money,

and that the plaintiff was not guilty of any negligence con-
tributing to the loss of her money. The instruction in-
formed the jury as the law that if those facts were found
from a preponderance of the evidence they would make out
a *prima facie* case in favor of the plaintiff, and it then de-
volved upon the defendant to prove that it used ordinary
care and diligence to safely keep and return the plaintiff's
money. The undisputed evidence was that the box was in
the exclusive control of the defendant and that the plaintiff
could not obtain access to it except by signing a slip at the
office and giving her key to the person in charge of the
vaults. Under such conditions we see no reason to depart
from the ordinary rule that where a bailee receives prop-
erty and fails to return it the presumption arises that the
loss was due to his negligence, and the law imposes on him
the burden of showing that he exercised the degree of care
required by the nature of the bailment. (*Cumins* v. *Wood,*
44 Ill. 416; *Bennett* v. *O'Brien,* 37 id. 250.) To call upon
the plaintiff, under such circumstances, to prove some spe-
cific act of negligence by which her money was lost, and
which she must necessarily prove by defendant's employees,
would impose upon her a practically impossible burden.

If the reversal by the Appellate Court was for error of
law the errors were such as might have been corrected upon
remanding the cause, but there was no sustainable reason,
in law, for the reversal and the judgment was reversed with-
out any finding of fact. All legitimate evidence offered was
admitted by the trial court, resulting in a finding of the
facts in controversy in favor of the plaintiff, and the Appel-
late Court did not find any of such facts different in any re-
spect. No error of law was committed on the trial, and the
Appellate Court erred in reversing the judgment. There-
fore the judgment of the Appellate Court is reversed and
the judgment of the municipal court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of municipal court affirmed.*