(No. 18220.—Judgment affirmed.)
HYMAN BYALOS, Appellee, *vs.* HAROLD MATHESON,
Appellant.

*Opinion filed December 21, 1927.*

1. BAILMENTS—*when negligence of bailee is presumed.* Where
a bailor shows that he had stored goods in good condition with the
bailee and they were returned to him damaged or not returned
at all, the law presumes negligence of the bailee unless he shows
the loss did not result from his negligence.

2. SAME—*bill for repairs is admissible in an action against
the bailee.* Where an automobile is stolen from the possession
of a garage keeper and is recovered after having been damaged,
the plaintiff in an action against the bailee may introduce in evi-
dence the receipted bill for repairs to the car where the only ob-
jection raised by the defendant is that it is not the best evidence,
as proof of payment of the bill is *prima facie* sufficient.

3. SAME—*owner of automobile may recover damages due to
theft of car from the bailee even though he is paid by his insurer.*
If insured property is destroyed or damaged by wrongful act the
owner may sue the wrongdoer though the insurer may have paid
the loss, and where an automobile is stolen from the possession of
a garage keeper and is recovered after having been damaged, the
owner of the car has a right of action against the bailee notwith-
standing the car was insured and the insurer has paid the dam-
age, as the insurance company's payment is not for the benefit
of the bailee and does not discharge the bailor's right of action
against him.

APPEAL from the Third Division of the Appellate Court
for the First District;—heard in that court on appeal from
the Municipal Court of Chicago; the Hon. JOHN F. HAAS,
Judge, presiding.

GALLAGHER, SHULMAN, ABRAMS & HENRY, and AL-
BERT MATHESON, for appellant.

KREMER, BRANAND & HAMER, (DONALD CAMPBELL, of
counsel,) for appellee.

Per CURIAM: The Appellate Court for the First District having affirmed a judgment of the municipal court of Chicago granted the appellant a further appeal to this court, certifying as grounds of granting such appeal that there is a diversity of opinion among the different Appellate Courts on the following questions:

(1) On whom is the burden of proof where suit is brought by the bailor against the bailee for failure to return the bailed article when the defendant interposes as a defense that the goods have been lost, stolen, or destroyed by fire?

(2) Is the price paid by plaintiff to one engaged in the business of repairing automobiles for repairing his automobile, which was damaged through the negligence of the defendant, *prima facie* evidence of the real value of the repairs where there is nothing in the evidence to cast suspicion on the transaction between plaintiff and the repair man?

The appellee and the appellant were the only witnesses. The material facts are, that Hyman Byalos, the appellee, kept his Velie automobile at the appellant's garage. About seven o'clock in the evening of January 30, 1925, he left the car at the garage for the night and when he called for it the next morning it was not there. The appellant and the appellee went together to the police station to take out a warrant and reported that the car had been stolen.

The appellant contends it was obligatory upon the appellee to prove the bailee was guilty of negligence, and that there was an entire failure to prove negligence. The appellee testified he left the car in the appellant's garage at seven o'clock in the evening of January 30. He called for it next morning and it was not there. He subsequently ascertained it had been stolen. So far as the record shows, he could have had no knowledge of the circumstances of the theft. In the early case of *Cummins* v. *Wood*, 44 Ill.

416, the court held that where the bailor shows he has stored goods in good condition with the bailee and they were returned to him damaged or not returned at all, the law presumes negligence of the bailee unless he shows the loss did not result from his negligence. (*Schäcfer* v. *Safety Deposit Co.* 281 Ill. 43; *Miles* v. *International Hotel Co.* 289 id. 320.) The appellee's proof made a *prima facie* case and no proof was offered by the appellant that he was not guilty of negligence. About a week later the car was reported to be in Racine, Wisconsin, and the appellee went there, got the car and drove it back to Chicago. The radiator was broken, the fenders bent, the lights were not working and the motor did not work right. No other evidence was introduced to show the damage done to the car. The appellee did not know of his own knowledge what was the matter with the car, but he had it repaired by the Velie-Bell Company and paid its bill, which amounted to $156.66. He incurred other expenses: For railroad fare to Racine, $7.50; garage bill there, $4.05; and $10 to the sheriff for expenses in recovering the car. The car was insured and the insurance company paid the appellee. It appeared from the testimony of the appellee that the car had been stolen, and from that of the appellant that he had a watchman in charge of the garage on January 30. No evidence was introduced to show that the charges of the Velie-Bell Company for the repairs were reasonable and customary charges.

The appellee, after testifying that he did not know what was the matter with the car of his own knowledge, stated that he had it repaired by the Velie people, and they gave him a bill for it which he paid, amounting to $156. The receipted bill was offered in evidence and was objected to on the ground that it was not the best evidence. The objection was overruled, and after it was admitted the appellant moved to strike it out. If the plaintiff was entitled to a verdict he could not recover more than the reasonable

cost of the necessary repairs to his car. It was proper for him to prove the amount he had paid or become liable to pay, and the fact that that amount was the usual and reasonable charge for the labor and material and that the repairs were such as were necessary to be made. The receipted bill was admissible to prove that the repairs had actually cost the appellee so much money. The appellant's objection was not based on any lack of preliminary proof or of assurance that further proof would be made, but the objection was that the receipted bill was not the best evidence. Proof of payment of the bill was *prima facie* sufficient, and it was not error to admit the bill in evidence. (*Wicks* v. *Cuneo-Henneberry Co.* 319 Ill. 344; *Johnson* v. *Canfield-Swigart Co.* 292 id. 101.) The general rule upon the question was decided in *Budd* v. *VanOrden,* 33 N. J. Eq. 143, and the precise question was decided in *Cloyes* v. *Plaatje,* 231 Ill. App. 183.

The appellant argues that the amended statement of claim in the municipal court did not state a cause of action, and that the plaintiff having originally sued the appellant and Arnold Matheson as partners, had no right to dismiss Arnold and to take judgment against the appellant alone without amending the statement of claim. On motion of the appellee a certified copy of the brief filed by the appellant in the Appellate Court was allowed to be filed in this court, from which it appears that these points were not presented by the appellant to the Appellate Court, and they are therefore not available in this court.

The appellant contends that the appellee having collected his loss from the insurance company cannot maintain this suit against the appellant. The insurance company did not make the payment for the benefit of the appellant and the payment did not discharge the appellee's right of action against him. (*American Express Co.* v. *Haggard,* 37 Ill. 465.) If insured property is destroyed by the act of a

wrongdoer, the owner of the property may sue the wrongdoer though the insurance company may have paid the loss. *Vose* v. *Central Illinois Public Service Co.* 286 Ill. 519.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*