## Genevieve Clark, Appellee, v. Hoosier Casualty Company of Indianapolis, Appellant.

### Gen. No. 42,428.

Opinion filed May 10, 1943. Rehearing denied May 24, 1943.

ROBERT E. DUNNE, of Chicago, for appellant; EDWARD McTIERNAN, of Chicago, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

In a suit to recover indemnities under a hospital and medical expense policy, there was a trial by the court with a finding for plaintiff in the sum of $274 from which defendant appeals. There has been no appearance in this court for the plaintiff.

The statement of claim filed May 2, 1941, alleged the execution and delivery of the policy on June 1, 1940, and a copy of the policy is attached. The illness and disability of plaintiff was also alleged and her hospitalization from January 1, 1941, to January 16, 1941, thereafter. A bill of particulars was filed June 24, 1941, itemizing the expenses incurred by plaintiff by reason of such hospitalization. The answer admitted the sickness, disability and hospitalization as alleged but denied liability under the policy because, as defendant said, the illness was the result of another illness ''having its cause and beginning prior to said policy being in force fifteen days,'' as provided by section B of the policy. The answer denied that defendant was obligated to pay any one of the specific items stated in the bill of particulars but did not deny that any of these items had not been incurred or claim that any charge made was unreasonable.

Plaintiff testified on the hearing that she entered Mercy Hospital on January 1, 1941, and that while there underwent an operation by which the uterus was removed. She was at the hospital 17 days. She was given an anesthetic for the operation. She was attended there by Dr. Herbert Schmitz, who saw her every day she was there. After she was discharged from the hospital she went to his office and received treatment four times. The bill of Drs. Schmitz and Nelson for services rendered to her was produced and received in evidence over objection. The bill is for a balance of $190 after allowance of a credit of $5 paid thereon. The hospital bill was rendered to plaintiff under date of February 27, 1942, and discloses items covered by the bill of particulars to the amount of $115.90.

It is contended that it was reversible error to admit in evidence the unpaid doctor and hospital bills without proof of the reasonableness of the charges. *Wicks v. Cuneo-Henneberry Co.,* 319 Ill. 344, 349, and *Byalos*

v. *Matheson,* 328 Ill. 269, 272, are cited. In *Cloyes v. Plaatje,* 231 Ill. App. 183, this court held that the price paid by the plaintiff to a garage proprietor for repairing his automobile was presumptive evidence of the reasonable value of the repairs and there was nothing in the evidence to cast suspicion on the transaction. We do not doubt that the same rule would be applicable to a payment made by a patient to a physician or surgeon for his services, or to a hospital for hospitalization. In this case it appears from the bill itself that defendant had made a payment thereon. It also appears that there was attached to and a part of the policy a schedule of operations with a provision that the indemnities provided in the schedule should be payable for injuries and illness covered by the policy. The policy also contains a provision for hospital room and board at the rate of not more than $5 per hospital day for 30 days, thereafter at the rate of $2.50 per day for a period not to exceed 6 months provided that the aggregate number of days for which hospital benefits shall be payable in any one policy year shall not exceed the combined number of days specified therein; and hospital service charges for the use of the operating room, $10; for administration of anesthetic, $10; for medicines, bandages and dressings, $10; X-ray pictures, $10; laboratory fees, $10; and ambulance hire, $10. As to physician's services the policy provides that the company will reimburse for the cost of not more than 30 treatments in an amount not to exceed $3 per treatment in the hospital, and for not more than 5 such treatments in an amount not to exceed $2 per treatment after the release of the insured from the hospital. As to surgical operation the policy provides the company will pay the expenses actually incurred, not to exceed the amount specified in such schedule of operations. The items mentioned in the bill of particulars are in harmony with these schedules of the policy, and we think the court did not

err in making allowances in conformity therewith. There is no denial in the pleadings that the services received were necessary or that the amounts mentioned in the bills and stated in the bill of particulars are unreasonable. We think the court did not err in this respect.

It is next contended the court erred in excluding the hospital records offered in evidence by the defendant, and it is claimed that these were admissible under rule 70 of the municipal court. The abstract shows that in response to a subpoena *duces tecum* Collette Jurgensen, the records librarian at Mercy Hospital, appeared in court with the hospital records pertaining to the case on trial. These showed the admission of Miss Clark and her discharge and the notes of the nurses. The daily report sheet was offered in evidence and received. Miss Jurgensen was afterwards recalled as a witness and stated that the records she produced "refer to the record of Genevieve Clark and are a true and correct record of the history of her case and her hospitalization," and that they were kept under her supervision and direction. The records were then offered in evidence and received. These consisted of a number of exhibits, statement of the pathological laboratory signed by Dr. Henry, report of operation by Dr. Schmitz, the history and physical examination. We have examined these and find them unintelligible without translation by a medical expert. To these plaintiff objected. The objection was properly sustained.

It is contended by defendant that the finding of the court is against the manifest weight of the evidence. The statements made by the plaintiff upon her application for the policy are a part of it. She there states that she did not then have similar coverage; that applications by her for similar policies had not been denied. She said she was in a sound and healthy condition, mentally and physically; that her habits of life

were temperate. In response to the question "Have you had medical or surgical advice or treatment or any departure from good health within the past seven years, if so, state when, cause and duration?", she replied, "Appendectomy in 1930 by Dr. A. J. Shimak, Manitowoc, Wisc., and also for Female trouble in 1938. In July by same Dr." In response to the question as to whether she had ever been advised to have a surgical operation, if so, for what and when performed, her reply was, "See above, but completely recovered & in good health now." The question of whether the disability from which she suffered at the time she was hospitalized after taking the policy had its origin in a prior disability as defined in the policy, involved an issue of fact which could be determined if at all only by competent medical testimony. The finding of the court was for the plaintiff. We are not able, under well established rules, to say that the findings of the court on issues of fact are clearly and manifestly erroneous.

The judgment will be affirmed.

*Affirmed.*

O'Connor and McSurely, JJ., concur.