Beth Madden Kammerer, Appellee, v. Graymont Hotel Corporation, Appellant.

Gen. No. 44,431.

Opinion filed May 10, 1949. Released for publication June 3, 1949.

LESTER SHAPIRO, of Chicago, for appellant; HAROLD Z. NOVAK, of Chicago, of counsel.

MAURICE C. McCARTHY, of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Plaintiff was a permanent resident of defendant hotel and had been in the habit of putting money in the hotel safe, but in August or September, 1946, she noticed ''new owners'' at the hotel, and she testified that on September 13, 1946, Mr. Weiss, one of the new owners, said to her: ''Why don't you get a safe deposit box and you can put the money in there and get it whenever you want and you won't have to be bothering us to get it out? You will have a key and it will be perfectly safe''; that on September 21, 1946, Weiss again requested her to get a box and she then acceded to the request; that Weiss then asked Mr. Shapiro (his associate and the manager of the hotel) to get a box for her, whereupon she gave Shapiro a dollar and he gave her the key to a box. She further testified that during the months of September, October and November, 1946, she placed various sums of money in the box, which was located in the office of defendant hotel; that the amount so placed totaled $1,183.50; that when she visited the box on November 21, 1946, there was only $50 in it. A jury returned a verdict finding the issues for plaintiff and assessing her damages at $1,133.50. The trial court overruled defendant's motion for judgment notwithstanding the verdict and also its motion for a new trial. Defendant appeals.

Defendant states its theory of the case as follows: ''Defendant admits that the facts herein created a

bailor-bailee relationship; that plaintiff by showing that she deposited certain monies in the safe deposit box and that they apparently disappeared therefrom made out a case of *prima facie* negligence, subject to being rebutted by defendant's evidence tending to show due care; that after defendant introduced evidence tending to show its due care, plaintiff's *prima facie* case, being based upon a presumption, disappeared, and *that the burden was upon the plaintiff to prove that defendant was in fact negligent and that such negligence was the proximate cause of plaintiff's loss of money; that the burden of proof was upon the plaintiff throughout the case and the plaintiff wholly failed to maintain this burden.*" "As soon as defendant introduced evidence contrary to the presumption, the presumption vanished entirely."

In *Cumins v. Wood,* 44 Ill. 416, the court states (pp. 420, 421):

"*The only question of law in this record is, as to where lies the burden of proof as to the fact of negligence in an action brought by a bailor against a bailee, in whose hands the goods have suffered injury.* The counsel for appellants, while admitting the authorities to be in conflict, insist that the weight of authority would throw the burden on the bailor. We held the opposite rule to be the more reasonable one in the case of *Bennett v. O'Brien,* 37 Ill. 250, and we are not inclined to depart from that decision. That, it is true, was a case of gratuitous bailment, but the reason of the rule applies as well to a bailment for hire. That was a case of a borrowed horse injured while in the possession of the borrower. The present suit is brought by a person who had stored furniture with the defendants at such rates of storage as the defendants asked, and which rates were paid by the plaintiff, and when the latter demanded his goods, a part of them were restored to him in a damaged condition, and the carpets were not returned at all. Now, in cases of this sort, it

would be very difficult for the plaintiff to show in what way the injury and loss had occurred, or that they had occurred by the actual negligence of the defendants, or their employees. The plaintiff would not know what persons had been engaged in the defendants' warehouse, nor where to find the testimony necessary to support his action. On the other hand, the defendants would know, or ought to know, what persons had had access to the goods, and could easily show that proper care had been exercised in regard to them, if such was the fact. *For this reason we hold it the more reasonable rule, when the bailor has shown he stored the goods in good condition, and they were returned to him in a damaged state, or not returned at all, that the law should presume negligence on the part of the bailee, and impose on him the burden of showing he has exercised such care as was required by the nature of the bailment.*" (Italics ours.)

After an examination of subsequent opinions of the Supreme court that bear upon the rule laid down in the *Cumins* case, it is our opinion that the wholesome and necessary rule laid down in that case has never been overruled or modified by the Supreme court. It has been cited by that court with approval a number of times.

In *Schaefer v. Safety Deposit Co.*, 281 Ill. 43, the court states (p. 51): "The undisputed evidence was that the box was in the exclusive control of the defendant and that the plaintiff could not obtain access to it except by signing a slip at the office and giving her key to the person in charge of the vaults. Under such conditions we see no reason to depart from the ordinary rule that where a bailee receives property and fails to return it the presumption arises that the loss was due to his negligence, and the law imposes on him the burden of showing that he exercised the degree of care required by the nature of the bailment. (*Cumins v. Wood*, 44 Ill. 416; *Bennett v. O'Brien*, 37 id. 250.)

To call upon the plaintiff, under such circumstances, to prove some specific act of negligence by which her money was lost, and which she must necessarily prove by defendant's employees, would impose upon her a practically impossible burden.''

In *Byalos v. Matheson*, 328 Ill. 269, the court states (pp. 270, 271):

''Per Curiam: The Appellate Court for the First District having affirmed a judgment of the municipal court of Chicago granted the appellant a further appeal to this court, certifying as grounds of granting such appeal that there is a diversity of opinion among the different Appellate Courts on the following questions:

''(1) On whom is the burden of proof where suit is brought by the bailor against the bailee for failure to return the bailed article when the defendant interposes as a defense that the goods have been lost, stolen, or destroyed by fire?

''. . .

''The appellee and the appellant were the only witnesses. The material facts are, that Hyman Byalos, the appellee, kept his Velie automobile at the appellant's garage. About seven o'clock in the evening of January 30, 1925, he left the car at the garage for the night and when he called for it the next morning it was not there. The appellant and the appellee went together to the police station to take out a warrant and reported that the car had been stolen.

''The appellant contends it was obligatory upon the appellee to prove the bailee was guilty of negligence, and that there was an entire failure to prove negligence. The appellee testified he left the car in the appellant's garage at seven o'clock in the evening of January 30. He called for it next morning and it was not there. He subsequently ascertained it had been stolen. So far as the record shows, he could have had no knowledge of the circumstances of the theft. In the

early case of *Cumins v. Wood*, 44 Ill. 416, the court held that where the bailor shows he has stored goods in good condition with the bailee and they were returned to him damaged or not returned at all, the law presumes negligence of the bailee unless he shows the loss did not result from his negligence. (*Schaefer v. Safety Deposit Co.*, 281 Ill. 43; *Miles v. International Hotel Co.*, 289 id. 320.) The appellee's proof made a *prima facie* case and no proof was offered by the appellant that he was not guilty of negligence."

The Supreme court affirmed the judgment in favor of the plaintiff, and it seems plain to us that it answered question (1) by holding that the rule announced in *Cumins v. Wood, supra,* prevailed.

In *Lederer v. Railway Terminal Co.*, 346 Ill. 140, the court stated (pp. 145, 146): "Where a bailor proves he has stored goods in good condition with a bailee and they are returned to him damaged or not returned at all, the law presumes negligence on the part of the bailee unless he shows the loss did not result from his negligence. (*Byalos v. Matheson*, 328 Ill. 269; *Miles v. International Hotel Co.*, 289 id. 320.) If the evidence in support of the plaintiff's allegations is sufficient to make a *prima facie* case, the trial court is not authorized to direct a verdict for the defendant because of evidence of contrary facts tending to an opposite conclusion. (*Shannon v. Nightingale,* 321 Ill. 168.) If the relation of bailor and bailee existed between plaintiff in error and defendant in error at the time of the damage complained of, plaintiff in error made out a *prima facie* case of negligence and the Appellate Court erred in reversing the judgment with a finding of fact without remanding the case."

It will be noted that the court cites *Byalos v. Matheson, supra,* and *Miles v. International Hotel Co.*, 289 Ill. 320, in support of its ruling (p. 145) that "where a bailor proves he has stored goods in good condition with a bailee and they are returned to him damaged

or not returned at all, the law presumes negligence on the part of the bailee *unless he shows the loss did not result from his negligence.*'' (Italics ours.) Nevertheless, defendant contends that the *Miles* case supports its contention that the burden in the instant case was upon plaintiff to prove that defendant was in fact negligent. In the *Miles* case the court cites with approval the rule laid down in *Cumins v. Wood, supra,* and followed in *Schaefer v. Safety Deposit Co., supra,* but held, after a review of the entire evidence, *that there was no evidence in the record to sustain the finding that the loss or damage sustained by the plaintiff was caused by any fault on the part of the bailee.* While certain language in the opinion in the *Miles* case seems to support defendant's contention, it must be noted that as all of the evidence in the case showed that the loss sustained by the plaintiff was not caused by any fault on the part of the bailee, the court was not called upon to pass upon the question ''as to where lies the burden of proof.'' In the instant case counsel for defendant, in his closing argument to the jury, recognized that the question as to whether defendant was guilty of negligence was one of fact for the jury to decide and stated that it was for the jury to pass upon the credibility of the witnesses and to determine ''which side was telling the truth.'' Opinions of the Supreme court rendered after the *Miles* case, *supra,* was filed, indicate clearly that the Supreme court did not regard the *Miles* case as overruling the rule laid down in *Cumins v. Wood, supra.* Indeed, that court cited the *Miles* case in *Byalos v. Matheson, supra,* as an authority in support of that rule.

In *Brenton v. Sloan's United Storage & Van Co.,* 315 Ill. App. 278, the court states (pp. 282, 283):

''Under the law of this State a bailor makes out a *prima facie* case as against a bailee by showing that the goods which have been bailed have not been returned

upon demand, and such a *prima facie* case is not over-
come by a mere showing to the effect that the goods
have been burned, or otherwise destroyed (*Byalos v.
Matheson,* 328 Ill. 269; *Clemenson v. Whitney,* 238 Ill.
App. 308, 313; Ill. Rev. Stat. 1941, ch. 114, par. 240–c
[Jones Ill. Stats. Ann. 141.055]).

"To discharge himself from liability under such
circumstances a bailee must show that the loss oc-
curred without his fault and whether he has met his
burden is a question of fact for the jury to decide
(*Lederer v. Railway Terminal & Warehouse Co.,* 346
Ill. 140; *Byalos v. Matheson, supra; Clemenson v.
Whitney, supra.*)

"As was stated in the case of *Heyman & Bros., Inc.
v. Marshall Field & Co.,* 301 Ill. App. 340, at page 346:
'In such case the bailee, before he is relieved from
liability, must show that the loss, theft, or destruction
by fire, was not the result of any negligence on his
part.' Unless all reasonable minds would agree that
the defendant has shown the degree of care required of
such bailment, the determination of the issue of due
care becomes a question for the jury. Ostensibly, this
rule is an outgrowth of a recognition of the practical
difficulty which a bailor would have in trying a bail-
ment case, and places the burden on the defendant to
explain the circumstances surrounding the loss of the
goods. Plaintiffs, in such cases, usually are not in a
position to rebut defendant's evidence and it is the
omissions and weaknesses of the defendant's case that
become vital for consideration of the jury in determin-
ing the question of due care."

In *German Hod Carriers Union v. Trust Co.,* 315 Ill.
204, 210, 211, the court held that the law imposed upon
the plaintiff in that case, a bailee, the burden of show-
ing that he exercised the degree of care required by
the nature of the bailment, and cites in support of that
ruling *Schaefer v. Safety Deposit Co., supra,* and

*Mayer v. Brensinger,* 180 Ill. 110. In *Saddler v. National Bank of Bloomington,* 335 Ill. App. 18, 26, the court followed the rule stated in the *Schaefer* case.

In support of its contention that the *prima facie* case made out by plaintiff in the instant case created merely a presumption of negligence and that when defendant introduced any evidence tending to show its due care plaintiff's *prima facie* case "disappeared," defendant cites such cases as *Lohr v. Barkmann Cartage Co.,* 335 Ill. 335, and *Nelson v. Stutz Chicago Factory Branch,* 341 Ill. 387. In the *Lohr* case the defendant admitted that the driver of the truck which struck the plaintiff and caused his injuries was its servant and was driving its truck at the time of the accident, and that a presumption existed that the driver was its agent at the time of the accident. But the Supreme court held that *as all of the evidence in the case showed that he was not in the course of his employment at the time of the accident,* "but was on a frolic of his own," (p. 340) the presumption of agency vanished. The same situation was present in the *Nelson* case.

We hold that the rule laid down in *Cumins v. Wood, supra,* is still the law of this State.

We have considered several other contentions raised by defendant, but in our opinion they are devoid of real merit.

The judgment of the County court of Cook county is affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and FRIEND, J., concur.