**Chicago, Burlington & Quincy Railroad, an Illinois Corporation, Plaintiff-Appellant, v. Marvin Ommen, Defendant-Appellee.**

### Gen. No. 10,911.

Fourth District.

March 25, 1968.

Rehearing denied May 3, 1968.

Graham and Graham, of Springfield, for appellant.

Foreman, Rammelkamp, Bradney & Hall, of Jacksonville (Albert Hall and Marc Dahman, of counsel), for appellee.

CREBS, J.

This suit results from a train wreck. Defendant drove onto the track and stalled his auto. The engineer of the train applied the emergency air in an attempt to avoid the collision and the air application caused the derailment of five cars in the freight train. A jury trial resulted in a verdict for plaintiff in the amount of $1,833.49. Plaintiff then took this appeal seeking a new trial on damages only.

At the trial plaintiff offered evidence as to the cost of repairing three cars and the loss on two cars which were damaged to the extent that the cost of repair would be in excess of value. All of this evidence was based upon American Association of Railroads' Rules for determining value and costs. These rules have been in use for many years and are followed by all major railroads. The formula for determining cost of repairs includes overhead costs. On the basis of Central Illinois Light Co. v. Stenzel, 44 Ill App2d 388, 195 NE2d 207, the trial court denied admission of this evidence and at

the close of plaintiff's case dismissed Count II of the complaint. Count II covered all claim for damages for four cars owned by other railroads. The jury verdict apparently did not allow any sum for the damages to the five derailed cars. The plaintiff had paid to the other railroads involved the damages in accordance with the AAR rules. While an agreement between the railroads cannot bind this defendant, and while we adhere to the rules expressed in Central Illinois Light Co. v. Stenzel, this evidence as to damages should have been admitted. In addition to this evidence, there was testimony by competent witnesses that the five cars had derailed and had been damaged. Also, photographs in evidence showed that the cars had been damaged. On this state of the record, it was error to take this part of the case from the Jury. There was no real dispute in the evidence as to liability and the defendant did not appeal from the finding of liability so a new trial will be ordered as to damages only.

██ ██ Because of this holding it is unnecessary for this court to rule on the Motion taken with the case. Plaintiff has contended that the refusal of the trial court to admit their Exhibit 35 was error. This Exhibit was a summary of the labor charges in Exhibits 18 through 25, prepared for use in this trial. The supporting Exhibits were identified but were not offered in evidence. While a summary prepared for use in a trial might be admissible as an aid to the Jury in understanding the evidence, when it is based on matter already in evidence, it is not admissible in its own right as a business record. Plaintiff's Exhibit 35 was not made in the usual course of business nor at the time of the transactions. The trial court properly refused to admit it in evidence.

In view of the necessity for a new trial there is no need to discuss other points raised in the briefs. Af-

firmed as to liability; judgment in the amount of $1,833.-49 reversed and cause remanded for a new trial as to damages.

Reversed and remanded.

SMITH, P. J. and CRAVEN, J., concur.