CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Plaintiff-Appellant, *v.* MARVIN OMMEN, Defendant-Appellee.

(No. 11402;

Fourth District—December 7, 1970.

Graham & Graham, of Springfield, (Hugh J. Graham, III, of counsel,) for appellant.

Foreman, Rammelkamp, Bradney & Hall, of Jacksonville, (Albert W. Hall, of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This case was here before. (93 Ill.App.2d 299, 235 N.E.2d 880.) Leave to appeal to the Supreme Court was denied. (39 Ill.2d 625, September Term, 1968.) On its first visit we affirmed the trial court as to liability and reversed and remanded the case for a new trial as to damages only and with directions to admit tendered evidence. The same evidence which we stated should have been admitted in the first case was again rejected and an interlocutory order denying admission of the evidence was entered. The trial court found that there was substantial ground for a difference of opinion as to the meaning of our first remanding order and that an immediate appeal would materially advance the ultimate termination of the litigation. It appearing that such finding is not without some merit, we exercised our discretion and allowed an appeal from the order under Supreme Court Rule 308, Ill. Rev. Stat. 1969, ch. 110A, par. 308.

The evidence tendered by the plaintiff complies with a formula adopted by the American Association of Railroads as a method of determining the compensable damage on two cars that were destroyed and the cost of repairs as to three others. These rules have been in use since 1913. The formula so adopted includes overhead cost. The defendant and the order of the trial court rely upon *Central Illinois Light Company v. Stenzel,* 44 Ill.App.2d 388, 195 N.E.2d 207, where evidence of overhead costs was excluded as an element of damage to the personal property of the plaintiff occasioned by a third party *tort feasor* when the plaintiff had repaired its own property. In our previous opinion, we stated that we adhered to the principles stated in *Stenzel.* The question now posed is how can we adhere to the principles stated in *Stenzel* and order the admission of the evidence here tendered by the plaintiff. The principles stated in *Stenzel* must be read in connection with the facts that incubated them. Like the contour of the human body, they take their shape from the factual skeleton to which they cling. The facts in *Stenzel* and the facts in the case at bar are decidedly different. The *Stenzel* court itself pointed out the difference and indicated that the railroad association had formulated rules and regulations to establish reasonable charges and uniform cost factors to be employed by a member railroad in dealing with another railroad either for services rendered in the repair of a railroad track, equipment or property of another railroad or for reimbursement for self-repair of damages to track or equipment negligently caused by another road. In short, the railroads agreed that the application of the formula was a fair, just and proper method for determining damages caused to one railroad property by the tortious act of another. In *Baltimore & Ohio Railroad v. Commercial Transport,* 273 Fed.2d 447,

these same principles were applied as a proper measure of damages in a suit where a tractor-trailer operated by the defendant collided with a diesel locomotive of the plaintiff railroad at a crossing. The formula evidence was there introduced and approved. In *Stenzel*, no such formula, custom or practice for determining a measure of damage was offered in evidence by the plaintiff. Furthermore, in *Stenzel*, there was no payment by the plaintiff to others as is the case here. Here the plaintiff was billed and paid for the damage to the three railroad cars owned by other railroad companies which were repaired by the owners. Accordingly, the exhibits denied admission which support the formula adopted by the railroad and supported the payment by the plaintiff should be admitted in evidence and the jury should be properly instructed that the measure of damages is the cost of repair to the plaintiff for the cars which were owned by other railroads and repaired by those railroads. The measure of damages is the amount paid by the plaintiff to theim either through custom, usage or agreement. The amount so paid by the plaintiff is directly connected with and proximately caused by the defendant's negligence. A measure of damages acceptable to an industry over a period of more than fifty years as a fair, just and equitable method of determining damages among its own members ought not be lightly tossed aside by the courts as unfair, unjust, inequitable or improper when measuring damages involving a third party *tort feasor*. There is nothing in this transaction that casts suspicion on the formula itself or its proper application by both railroads in accordance with established usage. There is, in addition, proof of payment of the bill submitted to it by the other roads which is *prima facie* sufficient and that proof should have been admitted. *Cloyes v. Plaatje*, 231 Ill.App. 183; *Byalos v. Matheson*, 328 Ill. 269, 159 N.E. 242; *Wicks v. Cuneo-Henneberry Co.*, 319 Ill. 344, 150 N.E. 276.

Basically, the situation is the same whether we are dealing with the three cars which were damaged or with two cars whose cost of repair exceeded their value. The parties do not disagree as to the rules applicable to the cars repaired or to the two cars not repaired. In the one the cost of repairs is the test. In the other, the value of the equipment at the time of the loss less any salvage recovered is the test. The quarrel between the parties is the method used to ascertain both figures. A method accepted throughout an entire industry as a proper and fair computation of damages ought not be rejected by the court as a fair method of computing damage nor readily provable nor misleading to a jury. We do not erode *Stenzel* in its proper setting.

Accordingly, the order of the trial court dated October 7, 1970, denying admission of the evidence described in paragraph 3, (1), (2), (3), (4),

and (5) of such order is hereby reversed and the cause is remanded to that court with directions to admit the evidence.

Reversed and remanded.

CRAVEN, P. J. and CHAMBERLAIN, J., concur.